STATE OF MINNESOTA

IN SUPREME COURT

A13-0597

Court of Appeals                                                                                    Page, J.

State of Minnesota,

        Respondent,

vs.                                                                                    Filed: January 14, 2015
                                                                                    Office of Appellate Courts

Tommy Salyers, III,

        Appellant.

————————————————

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, Saint Paul, Minnesota; and

Jeffrey S. Naglosky, Koochiching County Attorney, International Falls, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Appellate Public Defender, Saint Paul, Minnesota, for appellant.

————————————————

S Y L L A B U S

1.     A rule for constructive possession of the contents of a locked container that focuses on the ready accessibility of the container's contents to the exclusion of other factors relevant to a defendant's dominion and control over the container's contents is inconsistent with Minnesota's constructive possession doctrine, as articulated in *State v. Florine*, 303 Minn. 103, 226 N.W.2d 609 (1975).

1

2.     The direct evidence of appellant's exclusive control over the safe in which firearms were located was sufficient to support appellant's conviction of being a felon in possession of a firearm, in violation of Minn. Stat. § 609.165, subd. 1b(a) (2014); in possession of a firearm with no serial number, in violation of Minn. Stat. § 609.667(3) (2014); and in possession of a short-barreled shotgun, in violation of Minn. Stat. § 609.67, subd. 2 (2014).

Affirmed.

O P I N I O N

PAGE, Justice.

Appellant, Tommy Salyers, III, was convicted of being a felon in possession of a firearm, in violation of Minn. Stat. § 609.165, subd. 1b(a) (2014); in possession of a firearm with no serial number, in violation of Minn. Stat. § 609.667(3) (2014); and in possession of a short-barreled shotgun, in violation of Minn. Stat. § 609.67, subd. 2 (2014). The conviction stemmed from law enforcement's discovery of a locked gun safe in Salyers' home containing three firearms. Salyers argued on appeal, among other things, that the State presented insufficient evidence that he constructively possessed the firearms in the locked safe.[1] The court of appeals affirmed. For the reasons discussed below, we affirm, although on different grounds.

The facts are taken from the evidence admitted at trial. The State called three witnesses, all officers with the Koochiching County Sheriff's Office, who participated in

---

[1]     Salyers also raised a number of other issues at the court of appeals. None of those issues are before us in this appeal.

the search of Salyers' home. On September 7, 2012, the officers executed a warrant to search Salyers' International Falls home for numerous items of stolen property. The home was a two-bedroom, single-family residence. A no-trespassing sign posted on the home's garage was signed by two different individuals: Salyers and S.B.

At the time the deputies executed the warrant, neither Salyers nor anyone else was present. During their search, the deputies found a locked gun safe in a bedroom. One deputy described the safe as "basically a metal cabinet. It's built like a file cabinet that locks in two places. It's one thickness of sheet metal." A key found in the bedroom fit the gun safe's lock, but would not turn the lock. Using a crowbar, two deputies easily pried open the gun safe.

Inside the gun safe were three firearms: a sawed-off shotgun with the serial number ground off; a full-length, 20-gauge shotgun; and a .22 caliber pistol. The safe also contained ammunition, a wooden box with "Tom and Sam" written on it, and a life insurance statement with "Kantor" on it. A coffee mug found in the bedroom near the safe contained a shotgun choke and additional ammunition; neither the choke nor the ammunition fit any gun found in the safe.

Subsequent to the search of Salyers' home, an officer interviewed S.B. According to S.B., she had previously lived in Salyers' home, but moved out a few days before the search. S.B. claimed ownership of the full-length, 20-gauge shotgun, as well as the gun safe itself. No evidence identified S.B. as the owner of the sawed-off shotgun or the pistol.

After the State rested its case, Salyers moved for a directed verdict, arguing that the State failed to prove beyond a reasonable doubt that he had constructively possessed the guns in the safe. The trial court denied the motion. Salyers presented no evidence and the jury found him guilty of all counts.

Salyers appealed his conviction, challenging, among other things, the sufficiency of the evidence supporting possession. *State v. Salyers*, 842 N.W.2d 28, 32-33 (Minn. App. 2014). Noting that "this issue is one of first impression in Minnesota," the court of appeals "h[e]ld that a person possesses the readily accessible firearms inside a container under that person's control." *Id*. at 35. Applying this rule to Salyers, the court of appeals determined that there was sufficient evidence to support Salyers' conviction. *Id.* In reviewing Salyers' conviction, the court of appeals declined to apply the heightened circumstantial-evidence standard of review, holding that the conviction was supported by direct evidence of Salyers' exclusive control over the gun safe. *Id*. at 34.

We granted review on Salyers' claim that the court of appeals erred in holding that "a person possesses the readily accessible firearms inside a container under that person's control." In granting review, we directed the parties to address whether the heightened circumstantial-evidence standard of review applies to a challenge to the sufficiency of the evidence of constructive possession.

I.

Salyers argues that the court of appeals created a specialized rule under the constructive-possession doctrine for the contents of a locked container that is inconsistent with existing law. Specifically, Salyers argues that the court of appeals' rule is

4

inconsistent with the constructive-possession analysis from *State v. Florine*, 303 Minn. 103, 226 N.W.2d 609 (1975), because it focuses on ease of access to the container and its contents to the exclusion of other factors relevant to a defendant's exercise of "dominion and control" over the contents of a locked container. The issue of whether the court of appeals properly applied Minnesota's constructive-possession doctrine to possession of firearms inside a locked safe is a question of law that we review de novo. *See State v. Ndikum*, 815 N.W.2d 816, 818 (Minn. 2012).

Possession of a firearm may be proved through actual or constructive possession. *See State v. Loyd*, 321 N.W.2d 901, 902 (Minn. 1982). We have indicated that the purpose of the constructive-possession doctrine

> is to include within the possession statute those cases where the state cannot prove actual or physical possession at the time of arrest but where the inference is strong that the defendant at one time physically possessed the [item] and did not abandon his possessory interest in the [item] but rather continued to exercise dominion and control over it up to the time of the arrest.

*Florine*, 303 Minn. at 104-05, 226 N.W.2d at 610. In *Florine*, we held that to establish constructive possession, the State must show either (1) that the prohibited item was found "in a place under defendant's exclusive control to which other people did not normally have access," or (2) if the prohibited item was found "in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it." *Id*. at 105, 226 N.W.2d at 611. We have consistently applied *Florine's* analysis as the test for constructive possession. *See, e.g., State v. Lee*, 683 N.W.2d 309, 316 n.7 (Minn. 2004); *State v.*

5

*Robinson*, 517 N.W.2d 336, 340 (Minn. 1994); *State v. Wiley,* 366 N.W.2d 265, 270 (Minn. 1985); *State v. Willis*, 320 N.W.2d 726, 728-29 (Minn. 1982).

The analysis required under *Florine* is "necessarily fact driven." *Comm'r of Revenue v. Fort*, 479 N.W.2d 43, 46 (Minn. 1992). Along the same lines, we have held that jury instructions regarding constructive possession are improper when they emphasize one factor to the exclusion of other relevant factors. For example, in *State v. Olson*, we held that the trial court's constructive-possession instruction was improper when it stated that "[t]he presence of a controlled substance in open view in a room . . . permits the factfinder to infer knowing possession of the controlled substance by each person in close proximity to the controlled substance . . . ." 482 N.W.2d 212, 215 (Minn. 1992). We reasoned that such an instruction "was not a balanced instruction on the various relevant factors bearing on the jury's determination of the disputed possession issue but rather was one which singled out and unfairly emphasized one factor, one piece of the circumstantial evidence, bearing on that determination . . . ." *Id.* at 216; *see also State v. Flowers*, 734 N.W.2d 239, 261-62 (Minn. 2007) (holding that a jury instruction was erroneous because it stated that knowing possession "may be inferred if the firearm was in a place under [the accused's] exclusive control" but did not "instruct the jury that it was not required to accept that the inference [of knowledge] necessarily followed from the facts").

By placing conclusive significance on whether a "person possesses the readily accessible firearms inside a container under that person's control," the court of appeals unnecessarily narrowed the constructive-possession analysis we established in *Florine*.

6

While ease of access is certainly one factor relevant to establishing constructive possession, it is not the sole factor or necessarily even the most important factor. Thus, we reject the court of appeals' "readily accessible" test for constructive possession of firearms inside a locked container. Instead, we reaffirm that all of the factors identified in *Florine* are relevant to determining constructive possession of the items within a container.

## II.

Having determined that the court of appeals' emphasis on ease of access to the exclusion of other factors was inconsistent with our constructive-possession doctrine, we next consider whether the evidence was sufficient to support Salyers' conviction under the constructive-possession test set out in *Florine*. As an initial matter, there is a question as to the appropriate standard of review. In reviewing the sufficiency of the evidence we generally "view the evidence in a light most favorable to the verdict to determine 'whether the facts in the record and the legitimate inferences drawn from them would permit the jury to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted.' " *Davis v. State*, 595 N.W.2d 520, 525 (Minn. 1999) (quoting *State v. Moore*, 481 N.W.2d 355, 360 (Minn. 1992)). We have determined, however, that a higher level of scrutiny is warranted if a conviction is based on circumstantial evidence.[2] *See, e.g., State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn.

---

[2]   The standard of review for convictions based on circumstantial evidence requires a two-step analysis. First, this court "must identify the circumstances proved, giving deference 'to the jury's acceptance of the proof of these circumstances and rejection of

(Footnote continued on next page.)

2010); *State v. Andersen*, 784 N.W.2d 320, 329-30 (Minn. 2010). While Salyers does not assert that the circumstantial-evidence standard of review is per se warranted in the context of constructive possession, he contends that the court of appeals erred in declining to apply the circumstantial-evidence standard of review to his sufficiency-of-the-evidence challenge because the evidence of constructive possession of the firearms introduced at trial was "purely circumstantial." He points specifically to the box found in the safe and the key found in his bedroom. The State contends that it proved Salyers' constructive possession of the firearms by direct evidence of his exclusive control over the gun safe.

Under the first prong of *Florine*, constructive possession of an item is established by the item's location in a place under the defendant's exclusive control, defined as a "place . . . to which other people d[o] not normally have access." 303 Minn. at 105, 226 N.W.2d at 611. Here, the State presented direct evidence of Salyers' exclusive control over the place where the guns were located—the gun safe. Sheriff's deputies testified that they observed the safe in Salyers' house, in a bedroom, and that no one else lived in

(Footnote continued from previous page.)
evidence in the record that conflicted with the circumstances proved by the state.' " *State v. Anderson*, 789 N.W.2d 227, 241-42 (Minn. 2010) (quoting *State v. Andersen*, 784 N.W.2d 320, 329 (Minn. 2010)). Second, this court "independently examine[s] 'the reasonableness of all inferences that might be drawn from the circumstances proved' " to determine "whether the circumstances proved are 'consistent with guilt and inconsistent with any rational hypothesis except that of guilt' " *Id*. at 242 (quoting *Andersen*, 784 N.W.2d at 329-30).

the house at the time of the search.[3]  *See, e.g.*, *Keys v. State*, 478 So. 2d 266, 268 (Miss. 1985) (characterizing testimony that defendant lived in his apartment alone and that law enforcement observed marijuana in the bathroom of defendant's apartment as *direct* evidence of constructive possession).  No other evidence was required to establish the *actus reus* of possession of the guns.  Thus, the State established Salyers' constructive possession of the guns by direct evidence.  Accordingly, we conclude that the court of appeals did not err in declining to apply the circumstantial-evidence standard of review.[4]

It should be noted that to convict Salyers under Minn. Stat. § 609.165, subd. 1b(a), Minn. Stat. § 609.667(3), or Minn. Stat. § 609.67, subd. 2, the State also had to prove that Salyers' possession of the guns was knowing.  While none of these statutes expressly state that knowledge of possession is a requirement, statutory silence is typically insufficient to dispense with the mens rea requirement.  *See State v. Ndikum*, 815 N.W.2d 816, 822 (Minn. 2012).  In fact, we have made it clear, at least with respect to the felon-in-possession statute, that knowledge of the prohibited item is required.  *See*

---

[3]  Salyers contends that his exclusive control over the location of the safe does not establish constructive possession of the contents of the safe, given that S.B. claimed ownership of the safe and that S.B. recently resided in his home.  Neither contention has merit.  First, a person may possess property even if another person owns that property.  *See State v. Spence*, 768 N.W.2d 104, 108-09 (Minn. 2009) (distinguishing between ownership and possessory interests).  Second, there is no evidence in the record that the fact that S.B previously lived in Salyers' home had any bearing on Salyers' exclusive control over the safe and its contents at the time of the search—particularly because S.B. left the guns and the safe behind when she moved out of Salyers' home.

[4]  Because we conclude that the court of appeals did not err in declining to apply the heightened circumstantial-evidence standard of review, we need not address the broader question, briefed by the parties, of when the heightened circumstantial-evidence standard of review should be applied to sufficiency challenges involving constructive possession.

*Flowers*, 734 N.W.2d at 261-62 (holding that the trial court gave an improper instruction by stating that knowing possession, for purposes of being a prohibited person in possession of a firearm, may be inferred from the accused's exclusive control over the firearm's location). The question of whether the State provided sufficient evidence that Salyers knew the safe contained guns is not before us, however. Salyers did not address the knowledge requirement in his principal brief to the court of appeals or in his petition for review to our court. *See State v. Finnegan*, 784 N.W.2d 243, 248 n.3 (Minn. 2010) (explaining that failure to raise an issue in the petition for review "waives the issue on appeal"); *see also In re GlaxoSmithKline PLC*, 699 N.W.2d 749, 757 (Minn. 2005).

In sum, we reject the court of appeals' "readily accessible" test for determining constructive possession of objects inside a locked container but hold that, under the first prong of *Florine*, the direct evidence of Salyers' exclusive control over the gun safe was sufficient to establish Salyers' constructive possession of the guns inside the safe.

Affirmed.