*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1362**

State of Minnesota,
Respondent,

vs.

Travis Earl Stringer,
Appellant.

**Filed July 27, 2015
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-13-9755

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Leslie J. Rosenberg, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Travis Earl Stringer was found guilty of first-degree aggravated robbery and third-degree assault based on evidence that he snatched a woman's purse in a mall parking lot

and broke the woman's nose when she tried to prevent the theft. On appeal, Stringer argues that the evidence is insufficient to support the robbery conviction. We affirm.

## FACTS

On December 17, 2013, S.W. met her adult daughter and her grandson at the Maplewood Mall. They shopped at the mall and then drove together to a nearby store in the daughter's car. When they finished shopping at the store, they drove back to the mall parking lot so that S.W.'s daughter could drop off S.W. near her own car. After S.W. was dropped off, a man (later identified as Stringer) approached her and grabbed her purse. S.W. screamed and clung to the purse, and Stringer punched her in the face. When the purse strap broke, Stringer struck her in the face again with the side of the purse, breaking her nose. S.W. fell to the ground, and Stringer ran away with the purse.

S.W.'s daughter heard screaming, saw S.W. on the ground, and saw Stringer running away with S.W.'s purse. S.W.'s daughter ran after him. She saw him get into the right side of the back seat of a red Ford Explorer. S.W.'s daughter opened the rear door on the left side, leaned across the back seat, and tried to grab the purse from him. Stringer yelled to the driver, "Go, go, go!" He punched S.W.'s daughter on her chin. As the Explorer moved forward, S.W.'s daughter clung to the door frame but eventually let go and fell out of the car.

S.W.'s daughter immediately called 911. She reported the license plate number of the Explorer and described the vehicle and its four occupants. Within seven minutes of the report, Maplewood Police Officer Bradley Rezny spotted the Explorer on a nearby highway and pulled it over. Police officers asked S.W. and her daughter to drive to the

2

scene to identify the assailant. The officers presented all four occupants of the Explorer, including the three male occupants, to S.W. and her daughter. The police shined a spotlight on each of the men, one by one, while they were approximately two car lengths away from the women. Both S.W. and her daughter identified Stringer as the man who had stolen the purse and hit them.

The state charged Stringer with one count of aggravated robbery in the first degree, in violation of Minn. Stat. § 609.245, subd. 1 (2012), for robbing S.W. of her purse. In February 2014, the state amended the complaint to add another count of aggravated robbery in the first degree and a count of third-degree assault, in violation of Minn. Stat. § 609.223, subd. 1 (2012).

Stringer waived his right to a jury trial. The district court conducted a court trial over two days in March 2014. The state called six witnesses: S.W., her daughter, S.W.'s physician, and three police officers. Officer Rezny testified that he heard a dispatcher's report of the robbery, that he saw the Explorer at a stoplight shortly thereafter, and that he promptly pulled the Explorer to the side of the road. Maplewood Police Officer Michael Nye testified that he found a discarded purse along the side of the highway on the most-direct route from the mall to the place where the Explorer was stopped. S.W. testified that the purse found by Officer Nye was hers. S.W. testified that Stringer was the man who stole her purse and the man she had identified in the show-up procedure on the day of the incident. S.W.'s daughter also identified Stringer as the man she chased and the man with whom she struggled over the purse in the Explorer. Stringer did not testify and did not present any other evidence.

The district court found Stringer guilty on count 1 and count 3 but not guilty on count 2. The district court sentenced Stringer to 88 months of imprisonment with respect to count 1. The district court did not impose a sentence with respect to count 3. Stringer appeals.

## DECISION

Stringer argues that the evidence is insufficient to support his conviction of first-degree aggravated robbery, the conviction for which he was sentenced.

When we review the sufficiency of the evidence, we apply the same standard of review to a district court's findings as we apply to a jury's verdict. *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011). We undertake "a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient" to support the conviction. *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012) (quotation omitted). We seek to "determine whether the facts in the record and the legitimate inferences drawn from them would permit the [factfinder] to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Salyers*, 858 N.W.2d 156, 160 (Minn. 2015) (quotations omitted). We assume that the district court disbelieved any evidence that conflicts with the verdict. *Palmer*, 803 N.W.2d at 733. The district court's findings of fact "are entitled to the same weight on review as a jury verdict" and are reviewed for clear error. *State v. Vail*, 274 N.W.2d 127, 133 (Minn. 1979). "A finding of fact is clearly erroneous when it is either manifestly contrary to the weight of the evidence or

4

not reasonably supported by the evidence as a whole." *State v. McCormick*, 835 N.W.2d 498, 509 (Minn. App. 2013), *review denied* (Minn. Oct. 15, 2013) (quotation omitted).

To establish Stringer's guilt of first-degree aggravated robbery, the state was required to prove that he (1) wrongfully took personal property from S.W., (2) used force or the threat of force, (3) carried away her property, and (4) inflicted bodily harm. Minn. Stat. §§ 609.24, 609.245 (2012); *State v. Brown*, 597 N.W.2d 299, 303 (Minn. App. 1999), *review denied* (Minn. Sept. 14, 1999). Stringer's argument does not focus on any of the four elements of aggravated robbery; rather, he argues that he was not the person who committed the acts alleged in the complaint. He contends that the district court clearly erred by finding that he was the person who committed the crime.

Stringer's primary argument is that the district court erred by relying on evidence that S.W. and her daughter identified Stringer at the show-up procedure after the Explorer was stopped. Stringer contends that the show-up procedure was "overly suggestive." He does not contend that the district court erred by admitting evidence of the identifications, although he relies in part on caselaw concerning admissibility of such evidence. Rather, he appears to contend that the evidence is not probative enough or weighty enough to support his conviction.

For purposes of this opinion, we assume without deciding that the caselaw concerning the admissibility of a show-up identification is helpful in determining whether the evidence is sufficient to support a conviction. As a general rule, the admissibility of such evidence is subject to a two-step test. *State v. Taylor*, 594 N.W.2d 158, 161 (Minn. 1999). First, a district court must determine whether the identification procedure is

5

"unnecessarily suggestive" in that the "defendant was unfairly singled out for identification" in a manner that "influenced the witness identification of the defendant." *Id.* (quotation omitted). Second, a district court must determine whether the identification was reliable or, on the other hand, whether "the identification created a very substantial likelihood of irreparable misidentification." *Id.* (quotations omitted). In analyzing reliability, a district court should consider the following five factors:

> [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation.

*Neil v. Biggers*, 409 U.S. 188, 199, 93 S. Ct. 375, 382 (1972); *see also State v. Jones*, 556 N.W.2d 903, 912 (Minn. 1996).

Applying these concepts to the show-up evidence in this case does not undermine the district court's findings or its ultimate verdict. With respect to the first step of the analysis, police officers did not unfairly single out Stringer. Rather, he was one of four passengers (and one of three male passengers) in the Explorer that S.W.'s daughter saw the robber enter as he ran away with her mother's purse. S.W.'s daughter was able to provide police with both a description of the Explorer and the license-plate number immediately after the theft, and a police officer intercepted the Explorer only seven minutes later. A reasonable police officer in that situation would have strong reason to believe that the robber was in the Explorer at that time. That Stringer was one of three men shown to S.W.'s daughter makes the show-up less suggestive than if he were the

6

only person. *See, e.g.*, *State v. Anderson*, 657 N.W.2d 846, 851 (Minn. App. 2002) (concluding that show-up procedure that "singled out" one suspect was unnecessarily suggestive). Thus, the show-up identification procedure was not overly suggestive.

With respect to the second step of the analysis, S.W. testified that she had a good view of Stringer's face when struggling over the purse. She also testified that she had a good view of Stringer and all of the other passengers during the show-up, and she had a high degree of confidence in her identification of Stringer as the robber. Similarly, S.W.'s daughter testified that she had a good view of Stringer's face and the other occupants when she encountered them in the Explorer. It is significant that the show-up occurred within an hour of the robbery. It also is significant that two persons with different perspectives identified Stringer as the robber. Thus, the women's identifications of Stringer at the show-up are reliable.

This analysis indicates that the identification evidence arising from the show-up procedure supports the district court's findings of fact and its ultimate finding of guilt. Stringer attempts to minimize the identification evidence by questioning the witnesses' credibility or their ability to accurately perceive information necessary for their identifications. But "[t]he credibility of witnesses and the weight to be given their testimony are determinations to be made by the factfinder." *State v. Dickerson*, 481 N.W.2d 840, 843 (Minn. 1992) (quotation omitted), *aff'd*, 508 U.S. 366, 113 S. Ct. 2130 (1993). The district court expressly found the witnesses' identifications to be credible. On appellate review, we consider whether the state's evidence, if believed, is sufficient to support the factfinder's conclusion that Stringer is guilty. *See Salyers*, 858 N.W.2d at

160. We conclude that the identifications of S.W. and her daughter provide ample evidence that Stringer was the person who robbed S.W. of her purse. *See State v. Spann*, 287 N.W.2d 406, 408 (Minn. 1979) (rejecting appellant's challenge to sufficiency of evidence identifying him as robber).

Stringer argues further that the other evidence in the record is insufficient to link him to the robbery. He emphasizes minor differences in the women's testimony about his clothing, which he may have changed during the course of events. Those differences are not significant enough to undermine the factors that indicate reliability. Stringer also notes that the purse was not found in his possession or in the vehicle. But the purse was found along the side of a highway between the location of the robbery and the place where the Explorer was stopped, which indicates that a person in the Explorer discarded it while the vehicle was leaving the mall. Stringer also notes the absence of DNA evidence. But he cites no authority for the proposition that the absence of DNA evidence causes the evidence to be *per se* insufficient. The extensive first-hand testimony of S.W. and her daughter, as well as the testimony of the law-enforcement officers who responded to the 911 call, is more than enough to support the conviction of first-degree aggravated robbery.

In sum, the evidence is sufficient to support Stringer's conviction for first-degree robbery. It is unclear whether Stringer also seeks to challenge the finding of guilt of third-degree assault. That finding is not appealable because the district court did not record a judgment of conviction or impose a sentence with respect to that offense. *See State v. Hoelzel*, 639 N.W.2d 605, 609 (Minn. 2002) (holding that guilty verdict, without

8

recorded judgment of conviction and sentence, is not final, appealable adjudication); *State v. Ashland*, 287 N.W.2d 649, 650 (Minn. 1979) (declining to address sufficiency-of-evidence argument for counts on which defendant was found guilty but not sentenced or formally adjudicated guilty). Thus, we do not consider the sufficiency of the evidence of third-degree assault. If Stringer were sentenced on the assault offense in the future, he would have an opportunity at that time to pursue a direct appeal from a final judgment on the assault offense. *See* Minn. R. Crim. P. 27.03, subd. 8, 28.02, subd. 2(1); *State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984).

**Affirmed.**