*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0955**

State of Minnesota,
Respondent,

vs.

Antonio Dupree Wright,
Appellant.

**Filed April 11, 2016
Affirmed
Toussaint, Judge***

Dakota County District Court
File No. 19HA-CR-13-2183

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Elizabeth M. Swank, Assistant County Attorney, Hastings, Minnesota (for respondent)

Ryan M. Schultz, Andrew J. Kabat, Anthony F. Schlehuber, Special Assistant State Public Defenders, Robins Kaplan LLP, Minneapolis, Minnesota (for appellant)

        Considered and decided by Halbrooks, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**UNPUBLISHED OPINION**

**TOUSSAINT**, Judge

After a court trial, appellant Antonio Dupree Wright appeals his convictions of third-degree assault and domestic assault, arguing his convictions must be reversed because (1) the state failed to prove beyond a reasonable doubt that he was the cause of the victim's injuries, (2) the state failed to prove that the victim's injuries amounted to substantial bodily harm, and (3) the state failed to prove the elements of domestic assault. Because sufficient record evidence supports appellant's convictions for third-degree assault and domestic assault, we affirm.

**DECISION**

When reviewing the sufficiency of the evidence to support a conviction, appellate courts determine "whether the facts in the record and the legitimate inferences drawn from them would permit the [fact-finder] to reasonably conclude that the defendant was guilty beyond a reasonable doubt of the offense of which he was convicted." *State v. Salyers*, 858 N.W.2d 156, 160 (Minn. 2015) (quotations omitted). We view the record in the light most favorable to the conviction. *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). We assume the fact-finder "believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989).

If direct evidence supports the conviction under this standard of review, we do not apply the more scrutinizing standard that is required for a conviction resting on circumstantial evidence. *See Salyers*, 858 N.W.2d at 160. Eyewitness testimony, such as the victim's testimony here, is direct evidence. *See Bernhardt v. State*, 684 N.W.2d 465,

2

477 n.11 (Minn. 2004) (explaining that circumstantial evidence is not based on personal knowledge or observation).

Review of the sufficiency of evidence is the same for trials in which the district court, rather than a jury, sits as the fact-finder. *Davis v. State*, 595 N.W.2d 520, 525 (Minn. 1999).

**I.**

The state charged appellant with third-degree assault in violation of Minn. Stat. § 609.223, subd. 1 (2012), and domestic assault in violation of Minn. Stat. § 609.2242, subd. 1(2) (2012). The victim in this case reported to police and testified at trial that she sustained injuries to her ribs and jaw when appellant punched her once in the face and twice in the abdomen on May 4 or 5, 2013, in Eagan.[1] The victim testified that she had been in an intimate relationship with appellant for about two years leading up to this assault. On the contrary, appellant testified that he was not with the victim on that date and that his intimate relationship with the victim had ended several months earlier. Instead, appellant claimed he was with another woman at their shared home in St. Paul on the date in question. The other woman testified in support of appellant's alibi.

---

[1] The day after being arrested in connection with these charges, appellant called the victim from jail at least twice and instructed her to submit a notarized letter to the district court recanting her earlier police report and explaining that her injuries were caused by a fight with another person. That same day, the victim submitted a handwritten letter recanting her earlier report and asking that the charges be dropped. The state did not drop the charges. The victim's trial testimony was consistent with her original police report. The calls from jail, which were recorded, were admitted as evidence at trial.

3

Appellant argues that the district court made a series of unreasonable inferences to conclude that he was with the victim at the relevant time and that he assaulted her. Appellant claims that the district court erred in judging the relative credibility of witnesses. But the conclusion that appellant was the cause of the victim's injuries was supported by direct evidence in the form of the victim's testimony and was additionally corroborated by testimony from police officers, a doctor, and the victim's mother.

We review the district court's findings of fact for clear error, *State v. Bourke*, 718 N.W.2d 922, 927 (Minn. 2006), and, on review, we give great deference to the district court's credibility determinations. *See Moore*, 438 N.W.2d at 108. Furthermore, "[i]t is not our role as a reviewing court to evaluate the credibility of the evidence." *State v. Ivy*, 873 N.W.2d 362, 367 (Minn. App. 2015).

Appellant argues that his own testimony and the testimony of his alibi witness were credible, while the victim's testimony was not credible. However, the district court explicitly found that "[appellant] was not a credible witness," that "[the alibi witness] was not a credible witness," that "[appellant's] alibi defense was incredible," and that "[the victim] . . . was a credible witness." The district court's findings followed a year and a half of discovery and pretrial proceedings and a three-day trial. Despite appellant's arguments, there is no indication that the district court's credibility determinations or other inferences were unreasonable or clearly erroneous.

Given that we assume the fact-finder "believed the state's witnesses and disbelieved any evidence to the contrary," *see Moore*, 438 N.W.2d at 108, we will not disturb the district court's conclusion that appellant caused the victim's injuries.

4

## II.

Appellant also argues that, even assuming he was the cause of the victim's injuries, her injuries did not amount to substantial bodily harm.

The Minnesota criminal code defines "substantial bodily harm" as "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily member or organ, or which causes a *fracture* of any bodily member." Minn. Stat. § 609.02, subd. 7a (2012) (emphasis added).

The doctor who treated the victim about two days after the assault testified at trial and stated that he diagnosed her with two *fractured* ribs, which he determined were consistent with her description of the recent assault. As the doctor's testimony supports the verdict, we presume the district court believed it. *See Moore*, 438 N.W.2d at 108. The district court's conclusion that the victim's injuries amounted to substantial bodily harm was correct.

## III.

Finally, appellant argues that, even assuming he was the cause of the victim's injuries, he and the victim did not have a qualifying relationship under the Domestic Abuse Act to satisfy the statutory elements of domestic assault.

Domestic assault covers the intentional infliction of bodily harm against "a family or household member." Minn. Stat. § 609.2242, subd. 1. According to the Domestic Abuse Act, the definition of "family or household member" includes "persons who are presently residing together or who have resided together in the past" and those "involved

5

in a significant romantic or sexual relationship." Minn. Stat. § 518B.01, subd. 2(b)(4), (7) (2012).[2]

The victim testified that she and appellant were actively involved in an intimate relationship at the time of the assault, and that appellant lived with her and her father periodically during their relationship—including immediately before the assault in May 2013. Appellant also testified that he lived with the victim and her father for six or seven months in about 2011. Presuming the district court believed this testimony, *see Moore*, 438 N.W.2d at 108, the district court's conclusion that the victim and appellant were "family or household member[s]" to each other at the time of the assault was correct.

**Affirmed.**

---

[2] Minn. Stat. § 518B.01, subd. 2(b)(7), provides that the definition may also cover persons who *have been* involved in a significant romantic or sexual relationship, depending on the length of the relationship, the frequency of contact, and the length of time since termination of the relationship.