*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1554**

State of Minnesota,
Respondent,

vs.

Mervel George Jones, III,
Appellant.

**Filed August 15, 2016
Affirmed
Toussaint, Judge***

Mille Lacs County District Court
File No. 48-CR-14-2030

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Joseph Walsh, Mille Lacs County Attorney, Milaca, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Worke, Presiding Judge; Reilly, Judge; and Toussaint, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**U N P U B L I S H E D   O P I N I O N**

**TOUSSAINT**, Judge

On appeal from his convictions of possession of a firearm by an ineligible person and fleeing a peace officer, appellant Mervel George Jones III argues that the circumstantial evidence of constructive possession was insufficient. Because the circumstantial evidence, when viewed as a whole, is consistent with the hypothesis of appellant's guilt, and inconsistent with any rational hypothesis except that of guilt, and because appellant's pro se claims are unsupported, we affirm.

**D E C I S I O N**

When a conviction is based on circumstantial evidence, we review using a two-step process. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). First, we identify the circumstances proved, assuming that the jury resolved any fact disputes in a manner consistent with the jury's verdict. *Id.* at 598–99. Second, we independently examine the reasonableness of the inferences the jury could draw from those circumstances. *Id.* at 599. All circumstances proved must be consistent with guilt and inconsistent with any rational hypothesis except that of guilt, but otherwise no deference is given to the jury's choice between reasonable inferences. *State v. Andersen*, 784 N.W.2d 320, 329–30 (Minn. 2010).

The state charged appellant with being an ineligible person in possession of a firearm under Minnesota Statutes section 624.713, subdivision 1(2) (2014), and convicted appellant following a jury trial. In this appeal from his conviction, appellant argues that the state produced insufficient circumstantial evidence to prove that he constructively

2

possessed a 9 mm pistol and rational hypotheses other than guilt can be drawn from the circumstances proved at trial.

"Possession of a firearm may be proved through actual or constructive possession." *State v. Salyers*, 858 N.W.2d 156, 159 (Minn. 2015). Here, the state's evidence showed only constructive possession and only circumstantial evidence was presented. To prove constructive possession, the state

> must show either (1) that the prohibited item was found in a place under defendant's exclusive control to which other people did not normally have access, or (2) if the prohibited item was found in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it.

*Id.* (quotation omitted). In this case, the pistol was found on a lawn along the route of a high-speed police chase that appellant led. Because it was not found in a place under appellant's exclusive control, the analysis is under the second method.

Regarding the "strong probability (inferable from other evidence)" that appellant consciously exercised dominion and control over the gun, the circumstances proved are as follows. Mille Lacs Tribal Police pulled over a vehicle appellant was driving to arrest him on a warrant. After briefly pulling over, the vehicle sped away. Appellant fled the police in the vehicle for over 30 minutes. After the vehicle stopped, appellant ran from the vehicle and fled into the woods. Two passengers remained in the vehicle and were arrested by police on active warrants. The police tracked appellant in the woods with a K-9 unit, and appellant called out to them from a tree but denied being in the car. A man found a 9 mm pistol on his property and turned it over to police. The pistol had a full magazine with a

bullet in the chamber. Photographs introduced at trial show that the property where the pistol was found has a short white fence on the corner. Officers recovered a magazine for a 9 mm pistol from appellant's pocket, which fit into the pistol found along the chase route. Video evidence from a pursuing squad car showed the vehicle passing property with a short white fence on the corner twice: first on the passenger's side and then on the driver's side. DNA evidence excluded one of the other passengers from being a contributor to the DNA mixture found on the gun's grip and magazine release and the other passenger from being a contributor to the DNA mixture found on the gun's slide, slide release, and hammer. But appellant could not be excluded as a contributor from the DNA mixtures found in either location.

The jury could reasonably infer from this evidence that appellant fled the police, at least in part, to avoid being found with the pistol, passed the property with the short white fence where the pistol was found on the driver's side, threw the 9 mm pistol out the driver's window onto the property with the short white fence, handled the pistol by holding the grip and engaging the slide, fled on foot in order to attempt to dispose of the 9 mm magazine in his pocket, and possessed the magazine as a backup to the magazine in the discarded pistol. These smaller inferences allow the larger inference from the circumstantial evidence that appellant consciously exercised dominion and control over the pistol and was an ineligible person in possession of a firearm.

Appellant broadly argues that a rational hypothesis other than guilt is that he fled in the vehicle to allow one of the other passengers to dispose of the gun because neither of them was permitted to possess a firearm. Appellant attempts to support this argument with

4

alternative hypotheses for inferences drawn from the underlying evidence. He argues that another rational hypothesis for fleeing the police was his active arrest warrant. But this does not fully explain his actions of running from the vehicle once it stopped and later revealing himself to police and claiming he was out for a walk. The jury could surmise that if appellant was fleeing solely to avoid arrest, he would not likely reveal himself to police.

Appellant emphasizes that the DNA evidence was weak and argues there is a rational hypothesis that he never touched the gun because only 67.2% of the population could be excluded from the DNA mixture on the grip and magazine release of the pistol and only 52.4% could be excluded from the mixture on the slide, slide release, and hammer. But this does not address the fact that one of the other men in the vehicle could be excluded from the DNA on the grip and magazine release and the other man could be excluded from the slide, slide release, and hammer. The jury could infer that appellant was the most likely person to have handled the gun and thrown it from the vehicle because the other men's DNA could be excluded from parts of the gun. The pistol was also found with a bullet in the chamber, and the jury could infer that this would require holding the grip while engaging the slide to cock the weapon, making it unlikely that one of the other men had loaded a round into the chamber.

We hold that the state produced sufficient circumstantial evidence to support appellant's conviction of being an ineligible person in possession of a firearm.

Appellant filed a pro se supplemental brief, arguing that the prosecutor committed misconduct and the district court erred in sentencing. Although appellant cites to the record for the alleged misconduct, he fails to support these claims by providing any analysis under

the plain-error standard of review or support his prosecutorial-misconduct claims with relevant caselaw. *State v. Meldrum*, 724 N.W.2d 15, 22 (Minn. App. 2006) (holding appellate court does not consider claims that have not been fully briefed), *review denied* (Minn. Jan. 24, 2007). Appellant also maintains that the district court violated his jury-trial right by imposing an upward departure based on its finding that he was a dangerous offender and its reasoning was otherwise flawed. But he did not raise this issue in district court and forfeited his right to have a jury determine his dangerous-offender status, and the district court's dangerous-offender determination has support in the record. *See State v. Branson*, 529 N.W.2d 1, 4 (Minn. App. 1995) ("This court will not overturn a district court's determination that a defendant is a danger to public safety if the finding is supported by the record."), *review denied* (Minn. Apr. 18, 1995).

**Affirmed.**