*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0347**

State of Minnesota,
Appellant,

vs.

Jessica Corinne Anich,
Respondent.

**Filed October 24, 2016
Affirmed
Reyes, Judge**

Ramsey County District Court
File No. 62CR153312

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Matthew J. Mankey, Mankey Law Office, Golden Valley, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Reyes, Judge; and Jesson, Judge.

**UNPUBLISHED OPINION**

**REYES**, Judge

In this pretrial prosecution appeal, appellant argues that the district court's decision to dismiss the aiding-an-offender charges filed against respondent was based on the following erroneous legal conclusions: (1) the state was required at the pretrial hearing to prove the underlying criminal conduct, which respondent purportedly aided, beyond a reasonable doubt; (2) to convict someone of aiding an offender, the offender must be convicted of the underlying criminal offense; and (3) the facts are insufficient to prove the offender committed the underlying criminal offense. We affirm.

## FACTS

On January 26, 2015, respondent Jessica Corrine Anich and her boyfriend, C.S., were on their way home from the movies when they were cut off by another driver, D.C. In response, C.S., who was driving, purportedly pointed a replica shotgun at D.C. D.C., believing C.S. pointed a real firearm at her, called the police. C.S. was arrested, and the police obtained a warrant to search Anich and C.S.'s joint residence.

While executing the search warrant, the police recovered a black airsoft replica shotgun matching the description D.C. provided. Anich arrived home during the police search and was questioned by the police about the incident. Because the police believed that Anich removed C.S.'s real firearm from the residence prior to their arrival, and because C.S. has a prior felony conviction that prohibits him from possessing a firearm, Minn. Stat. § 624.713, subd. 1(10) (2014), Anich was charged with two counts of aiding an offender in violation of Minn. Stat. § 609.495, subds. 1(a), 3 (2014).

Anich filed a motion to dismiss the charges for lack of probable cause. The district court held a pretrial hearing[1] on Anich's motion and determined that the facts were insufficient to prove that C.S. possessed a firearm in violation of Minn. Stat. § 624.713, subd. 1(10). Therefore, the district court concluded that the state failed to establish probable cause for the charged offenses and granted Anich's motion to dismiss. The state appeals.

### D E C I S I O N

The state argues that the district court erred by dismissing the aiding-an-offender charges filed against Anich. We disagree.

If a defendant brings a motion to dismiss a criminal complaint for lack of probable cause, the district court must determine "whether probable cause exists to believe that an offense has been committed and that the defendant committed it." Minn. R. Crim. P. 11.04, subd. 1(a). The purpose and function of a motion to dismiss for lack of probable cause is

> to inquire concerning the commission of the crime and the connection of the accused with it in order that he may be informed of the nature and character of the offense with which he is charged; to determine if there is probable cause for believing the defendant guilty; and to fix bail. It is not necessary for the state to prove the defendant's guilt beyond a reasonable doubt. The state is not required to disclose at the preliminary hearing all of its evidence relating to the commission of the offense. It is required to submit only sufficient evidence to establish probable cause. It has been said

---

[1] A defendant may move to dismiss a complaint for lack of probable cause that the defendant committed the offense charged, and this type of hearing "has come to be called a *Florence* hearing based on the case of *State v. Florence*, 306 Minn. 442, 239 N.W.2d 892 (1976)." *State v. Koenig*, 666 N.W.2d 366, 370 n.2 (Minn. 2003).

> that the test of probable cause is whether the evidence worthy of consideration, in any aspect for the judicial mind to act upon, brings the charge against the [defendant] within reasonable probability.

*Florence*, 306 Minn. at 445-46, 239 N.W.2d at 896 (emphasis omitted) (quoting *State ex rel. Hastings v. Bailey*, 263 Minn. 261, 266, 116 N.W.2d 548, 551 (1962)); *see also Koenig*, 666 N.W.2d at 372. "A dismissal for lack of probable cause is appealable if it is based on a legal determination such as interpretation of a statute." *State v. Larkin*, 620 N.W.2d 335, 336 (Minn. App. 2001). As with other legal determinations, dismissal for lack of probable cause based on statutory interpretation is reviewed de novo. *Id.* Appellate courts "accept the district court's findings of fact unless clearly erroneous." *Koenig*, 666 N.W.2d at 372. "A reviewing court in a pretrial appeal will reverse a district court's dismissal of charges only if the [s]tate clearly and unequivocally shows that the district court erred in its judgment . . . ." *State v. Bunde*, 556 N.W.2d 917, 918 (Minn. App. 1996).

Anich was charged with two counts of aiding an offender. First, Anich was charged under Minn. Stat. § 609.495, subd. 1(a), which provides: "Whoever harbors, conceals, aids, or assists by word or acts another whom the actor knows or has reason to know has *committed a crime* . . . with intent that such offender shall avoid or escape from arrest, trial, conviction, or punishment" is guilty of a crime. (Emphasis added.) Second, Anich was charged under Minn. Stat. § 609.495, subd. 3, which provides: "Whoever intentionally aids another person whom the actor knows or has reason to know has *committed a criminal act*, by destroying or concealing evidence of that crime . . . is an

4

accomplice after the fact . . . ." (Emphasis added.) The district court made a legal determination that the state presented insufficient evidence to establish probable cause that Anich was guilty of aiding an offender. In particular, the district court focused on the state's inability to prove that C.S. committed the underlying offense of being a prohibited person in possession of a firearm.

The state first argues that the district court held it to the wrong burden of proof with respect to the underlying-crime element of the aiding-an-offender offenses. While the district court initially referred to the beyond-a-reasonable-doubt standard when discussing C.S.'s underlying crime, the district court also referred to the probable-cause standard. We therefore clarify here that, to survive a motion to dismiss, the state only needed to present a fact question for the jury on each element of the crime charged, including the underlying criminal offense. *State v. Lopez*, 778 N.W.2d 700, 703-04 (Minn. 2010) ("A motion to dismiss for lack of probable cause should be denied where the facts appearing in the record, including reliable hearsay, would preclude the granting of a motion for a directed verdict of acquittal if proved at trial. In other words, if the facts before the district court present a fact question for the jury's determination on each element of the crime charged, the charge will not be dismissed for lack of probable cause." (quotations omitted)).

The state next argues that the district court's decision was premised on the incorrect legal conclusion that an aiding-an-offender conviction may only be obtained when the offender has been convicted of the underlying criminal offense. The state is correct that a conviction is not required. "The plain language of the [aiding-an-offender]

5

statute does not require *conviction* of a criminal act; rather, a person must *commit* a criminal act."[2]  *State v. Townsend*, 872 N.W.2d 758, 763 (Minn. App. 2015) (considering whether a verdict of not guilty in the offenders' trial rendered Townsend's guilty plea to aiding an offender inaccurate).

Finally, the state asserts that there is sufficient evidence to prove that C.S. was a prohibited person in possession of a firearm, in violation of Minn. Stat. § 624.713, subd. 1(10), and that Anich aided him in concealing that crime from the police.  The state concedes that C.S. did not have actual possession of a firearm.  Therefore, the state must prove that C.S. had constructive possession of a firearm.  *State v. Salyers*, 858 N.W.2d 156, 159 (Minn. 2015) ("Possession of a firearm may be proved through actual or constructive possession.").  Whether the district court properly applied Minnesota's constructive-possession doctrine to this case is a question of law that this court reviews de novo.  *See id.* at 158-59.

To establish constructive possession, the state must prove either "that the police *found the* [*firearm*] in a place under defendant's exclusive control to which other people did not normally have access" or that "if the police *found* [*the firearm*] in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over [the firearm]."  *State v. Florine*, 303 Minn. 103, 105, 226 N.W.2d 609, 611 (1975) (emphasis

---

[2] While we agree with the state that a conviction is not required, it is not clear that the district court imposed such a requirement.  A review of the pretrial-hearing transcript shows that the district court referred to the proper standard of proving that C.S. *committed* the underlying criminal offense.

6

added).  But here, the police never found a firearm.  *Cf. Salyers*, 858 N.W.2d at 158

(noting that officers found firearms during search); *Florine*, 303 Minn. at 103, 226

N.W.2d at 610 (stating that the officer found illegal narcotics during searches).  And the

state cites no authority for the proposition that someone can constructively possess an

item that was never found.

The state contends that it nevertheless offered sufficient direct and circumstantial

evidence to establish that C.S. constructively possessed a firearm.  The state offers the

following evidence in support of this inquiry: ammunition found at Anich and C.S.'s

home; the presence of a safe, which Anich said belongs to C.S.; and DNA evidence taken

from the safe indicating that C.S. owned the safe.[3]

The state's evidence is insufficient to show that C.S. constructively possessed a

firearm.  Because Anich had access to the safe, the state must show that there is a "strong

probability" that C.S. was "consciously exercising dominion and control" over the

firearm the police found.  *Florine*, 303 Minn. at 105, 226 N.W.2d at 611.  But as stated

earlier, the police did not find a firearm.  *See State v. Robb*, 590 N.W.2d 813, 815 (Minn.

App. 1999) ("Excluding the shotgun and any other evidence that resulted from the search

of the Bronco would significantly reduce the likelihood of successfully prosecuting

Robb.").

---

[3] The state also alleges that, during jailhouse phone calls between Anich and C.S., the
two discussed the removal of an object from their joint residence.  But the jailhouse
phone calls were not admitted into evidence and are not part of the record on appeal.  We
therefore cannot consider them.  *See* Minn. R. Civ. App. P. 110.01; *see also* Minn. R.
Crim. P. 28.01, subd. 2 (instructing that the Minnesota Rules of Civil Appellate
Procedure apply to criminal appeals).

In addition, in the fact section of its brief to this court, the state quotes the complaint and emphasizes that Anich confessed to the crime. Similarly, in the fact section of the memorandum of law submitted to the district court, the state asserted that Anich confessed to moving the gun. But notably, the state failed to rely on this alleged confession as part of the evidence providing probable cause for the charges in the argument section of its appellate brief or in its district court memorandum. Furthermore, no other evidence in the record supports the state's assertion that Anich confessed to moving the gun. And the state does not explain the discrepancy between the allegations in the complaint and the rest of the record, including the recorded interview and a transcript. Therefore, we conclude that the state has failed to show that the district court clearly and unequivocally erred by dismissing the aiding-an-offender charges filed against Anich for lack of probable cause.

**Affirmed.**