# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A22-1744

State of Minnesota,
Respondent,

vs.

Samuel James Lyons,
Appellant.

**Filed October 23, 2023**
**Affirmed**
**Reyes, Judge**

Itasca County District Court
File No. 31-CR-22-1141

Keith Ellison, Attorney General, Jacob Campion, Assistant Attorney General, St. Paul, Minnesota; and

Matti R. Adam, Itasca County Attorney, Grand Rapids, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Tracy M. Smith, Presiding Judge; Reyes, Judge; and Bratvold, Judge.

## SYLLABUS

To prove that a defendant is guilty of being an ineligible person in possession of ammunition under Minn. Stat. § 609.165, subd. 1b(a) (2020), the state must prove that the defendant knowingly possessed the ammunition but does not have to prove that the defendant knew the ammunition was operable.

**OPINION**

**REYES**, Judge

Appellant challenges his conviction of being an ineligible person in possession of ammunition in violation of Minn. Stat. § 609.165, subd. 1b(a) (2020).  Appellant asserts that the district court violated his constitutional right to present a complete defense when it barred his attorney from arguing that the state had to prove that appellant knew that the ammunition he possessed was operable.  We affirm.

**FACTS**

In May 2022, respondent State of Minnesota filed a complaint charging appellant Samuel James Lyons with unlawfully possessing ammunition in violation of Minn. Stat. § 609.165, subd. 1b(a).  The district court held a jury trial in July 2022.  The following facts are based on the testimony and exhibits provided at the jury trial.

On May 5, 2022, a sergeant driving in a patrol vehicle observed appellant "dart[] out into traffic" on a highway while on foot, causing vehicles to stop.  The sergeant pulled to the shoulder of the highway and parked near appellant.  The sergeant attempted to speak with appellant.  He testified that appellant was "not making sense," "mumbling," and smelled of alcohol.  The sergeant recognized appellant from "prior dealings," and contacted dispatch over his radio to confirm whether appellant had a no-alcohol probation condition. After confirming that appellant had a no-alcohol probation condition, the sergeant arrested appellant.  The sergeant searched appellant and retrieved a magazine with seven .22-caliber bullets in it from appellant's pant pocket, which the sergeant identified "through [his]

2

training and . . . [his] personal experience." Law enforcement did not locate any firearms on appellant's person.

The sergeant testified that the recovered magazine had "rust on it," that the "bullets [were] somewhat tarnished," but, in his opinion, were "fully functional," and that if someone put the ammunition in a handgun or rifle, "it would fire and shoot." During cross-examination, the sergeant clarified that he did not try to put this particular magazine into a gun, so he could not testify "confidently that it would absolutely fit into a [.]22 [gun] with the rust and condition that it [was] in and fire."

According to appellant, he was carrying the magazine because he "wandered across it" when he was "just walking on the road." He explained that the magazine's condition was "rusty and unusable," and he picked it up because he thought he could "get a few dollars off it." He did not think he was prohibited from possessing it because of its condition. But he admitted that he had the magazine with the ammunition in it "on [his] person," that the bullets in the magazine were "for a gun," and that the bullets in the magazine were "ammunition."

After both parties rested their case, the prosecutor asked the district court to clarify the mens rea requirement under section 609.165, subdivision 1b(a). Specifically, the prosecutor stated that the defense was "arguing that the statute[ ] [is] not violated because of their claim that the defendant did not know that . . . the ammunition was operable or not." He asserted that the defense's argument was a "misstatement of law" because the state only needed to prove that appellant "was in knowing possession of ammunition." The district court agreed with the state and determined that "it would add an element if the state

3

would be required to prove that [appellant] knew the thing was operable." The district court limited defense counsel's closing argument to be that "the item does not meet the definition of ammunition because it's not operable," and prohibited the defense from arguing "that the state [was] required to prove that the defendant knew that it was operable or not."

The jury found appellant guilty of being an ineligible person in possession of ammunition. The district court sentenced appellant to 60 months in prison. This appeal follows.

## ISSUE

Did the district court erroneously interpret the mens rea requirement under Minn. Stat. § 609.165, subd. 1b(a), and, as a result, violate appellant's constitutional right to present a complete defense?

## ANALYSIS

Appellant argues that the district court violated his constitutional right to present a complete defense by limiting his closing argument by determining that "the defense can argue that the item does not meet the definition of ammunition because it's not operable" but could not "argue that the state[] [is] required to prove that [appellant] knew that [the ammunition] was operable or not." We disagree and discern no error in the district court's determination.

A "criminal defendant has the right to be . . . afforded a meaningful opportunity to present a complete defense." *State v. Richards*, 495 N.W.2d 187, 191 (Minn. 1992) (quotation omitted); *State v. Bustos*, 861 N.W.2d 655, 662 (Minn. 2015) ("We conclude

4

that the district court's restriction on defense counsel's closing argument contradicted well-established [caselaw] and constituted plain error.").  But the district court has the discretion to limit the scope of closing argument to protect the jury from misleading inferences.  *State v. Atkinson*, 774 N.W.2d 584, 589 (Minn. 2009); *State v. Romine*, 757 N.W.2d 884, 892 (Minn. App. 2008), *rev. denied* (Minn. Feb. 17, 2009).  "A district court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record."  *State v. Guzman*, 892 N.W.2d 801, 810 (Minn. 2017).  The district court here interpreted Minn. Stat. § 609.165, subd. 1b(a), and appellate courts review that determination de novo.  *See State v. Ndikum*, 815 N.W.2d 816, 818 (Minn. 2012).

The state charged appellant as an ineligible person in possession of ammunition under the following statute:

> Subd. 1b. **Violation and penalty.**  (a) Any person who has been convicted of a crime of violence, as defined in section 624.712, subdivision 5, and who ships, transports, *possesses*, or receives a firearm *or ammunition*, commits a felony and may be sentenced to imprisonment for not more than 15 years or to payment of a fine of not more than $30,000, or both.

Minn. Stat. § 609.165, subd. 1b(a) (emphasis added).  The term "ammunition" is defined as follows:

> Subd. 17. **Ammunition.**  "Ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.  Ammunition does not include ornaments, curiosities, or souvenirs constructed from or resembling ammunition *or ammunition components that are not operable as ammunition*.

5

Minn. Stat. § 609.02, subd. 17 (2020) (emphasis added).

Mens rea is the element of a crime that requires "the defendant know the facts that make his conduct illegal." *Staples v. United States*, 511 U.S. 600, 605 (1994). Statutes that are missing this knowledge requirement impose strict criminal liability and are generally disfavored. *Id.* at 606. The Supreme Court acknowledged that "the existence of a mens rea is the rule of, rather than the exception to," common-law crimes. *Id.* Although section 609.165, subdivision. 1b(a), is silent as to the mens rea for felon in possession of a firearm, the supreme court has held that the statute requires the state to prove that the defendant knowingly possessed the firearm. *See Ndikum*, 815 N.W.2d at 816 (requiring state to prove "as an element of possession of a pistol in public . . . that the respondent knowingly possessed the pistol"); *In re Welfare of C.R.M.*, 611 N.W.2d 802, 802-03 (Minn. 2000) (requiring state to prove that "the accused knew he possessed a knife while on school property" under felony offense prohibiting possession of dangerous weapon on school property).

In 2015, the supreme court acknowledged that section 609.165, subdivision 1b(a), the statute at issue here, does not "expressly state that knowledge of possession is a requirement," but that "statutory silence is typically insufficient to dispense with the mens rea requirement." *State v. Salyers*, 858 N.W.2d 156, 161 (Minn. 2015). Nevertheless, the supreme court stated that the state had to prove that the "possession of the guns was knowing." *Id.* Similarly, the relevant jury instruction, CRIMJIG 32.17, requires the state to prove that "the defendant *knowingly* . . . possessed . . . ammunition" and that "[t]o know requires only that the defendant believes that the specified fact exists."

Appellant contends that the mens rea required under section 609.165, subdivision 1b(a), not only includes that the state has to prove that appellant knowingly possessed ammunition, which the state concedes, but that the state must also prove that appellant knew that the ammunition he possessed was *operable*. We are not persuaded for three reasons.

First, the policy that mens rea is implied in criminal statutes to avoid strict liability does not require multiple layers of mens rea. The supreme court has stated that it is "guided by the public policy that if criminal liability, particularly . . . felony liability, is to be imposed for conduct unaccompanied by fault, the legislative intent to do so should be clear." *C.R.M.*, 611 N.W.2d at 809 (quoting *State v. Neisen*, 415 N.W.2d 326, 329 (Minn. 1987)); *see, e.g.*, *State v. Florine*, 226 N.W.2d 609, 610 (1975) (reading knowledge requirement into possession of controlled-substance statute). But the supreme court has "generally declined to imply mens rea when the statute does not otherwise result in strict liability." *State. v. Wenthe*, 865 N.W.2d 293, 302 (Minn. 2015). For instance, in *State v. Benniefield*, 678 N.W.2d 42, 44 (Minn. 2004), the supreme court held that the crime of possession of a controlled substance in a school zone does not require the state to prove that the defendant knew they were in a school zone. The supreme court determined that the offense does not impose strict liability because the state must prove knowledge of drug possession, so it declined to add another mens rea requirement of knowledge of the location where the possession occurred. *See id.* at 49; *see also State v. Garcia-Gutierrez*, 844 N.W.2d 519, 523-25 (Minn. 2014) (concluding that crime of burglary with dangerous

weapon is not strict-liability offense and does not require knowledge of gun possession because burglary already includes mens rea requirement).

Here, appellant did not face strict liability because the state had to prove beyond a reasonable doubt that appellant knowingly possessed ammunition. Appellant admitted that he knew he possessed ammunition during his testimony.

> Q. What did they find during their search?
> A. They found old an old 22 clip in my left pocket.
> . . . .
> Q. Sir, you admit that you had this magazine on your person, is that right?
> A. Yes.
> . . . .
> Q. Do you admit that you had this magazine with the ammunition in it on May . . . 5, 2022?
> A. Yeah.
> . . . .
> Q. What's in this magazine?
> A. Shells.
> . . . .
> Q. Okay. What are those shells for?
> A. For -- for a gun.
> Q. Okay. That's . . . ammunition, right?
> A. Yeah.
> . . . .
> Q. So, the shells in that magazine are ammunition, correct?
> A. Yes.

As a result, the district court did not err by declining to add a second mens rea requirement for knowledge of the possessed ammunition's operability.

Second, the state does not have to prove that the ammunition was operable. In *State v. Knaeble*, 652 N.W.2d 551, 555 (Minn. App. 2002), a case neither party cited, this court held that a felon may be convicted under section 609.165, subdivision 1b(a), of possessing an *inoperable* firearm. *See also, State v. Stone*, 982 N.W.2d 500 (Minn. App. 2022)

8

(holding defendant can be convicted of unlawful possession of disassembled and incomplete firearm under section 609.165, subdivision 1b(a)), *aff'd,* ___ N.W.2d ___ (Minn. 2023). If the state does not have to prove that appellant possessed an operable firearm, it follows that the state does not have to prove that the ammunition that he possessed was operable. In any event, appellant admitted that he possessed ammunition.

Third, controlled-substance-possession caselaw supports our conclusion. In *Florine*, the district court found a defendant guilty of unlawful possession of cocaine after the police found the substance in an unlocked and abandoned vehicle. 266 N.W.2d at 610. The supreme court stated that, "in order to convict a defendant of unlawful possession of a controlled substance, the state must prove that defendant consciously possessed, either physically or constructively, the substance and that defendant had actual knowledge of the nature of the substance." *Id.*; *see also State v. Ali*, 775 N.W.2d 914, 916 (Minn. App. 2009) (holding that "for possession of cathinone based on possession of khat, the state need not prove that the defendant knew the scientific description of the drug in his possession; proof that he knew that he possessed a controlled substance is sufficient to satisfy the actual-knowledge requirement to convict"), *rev. denied* (Minn. Feb. 16, 2010); *State v. Papadakis*, 643 N.W.2d 349, 354 (Minn. App. 2002) ("We conclude that possession of a controlled substance and knowledge of the nature of the substance are essential elements, but that the state does not have to prove, in addition to all other elements, that appellant knew the precise weight or quantity of the controlled-substance."); *State v. Aviles-Alvarez*, 561 N.W.2d 523, 526 (Minn. App. 1997) ("While the amount is an essential element of the

crime, the defendant's *knowledge* of the amount is not an essential element."), *rev. denied* (Minn. June 11, 1997).

We hold that, to prove that a defendant is guilty of being an ineligible person in possession of ammunition under Minn. Stat. § 609.165, subd. 1b(a), the state must prove that the defendant knowingly possessed the ammunition but does not have to prove that the defendant knew the ammunition was operable.

Appellant's testimony about his state of mind does not compel a different result:

> Q. Okay. How did you come to be in possession of [the old .22 clip]?
> A. I -- I wandered across it, just walking . . . on the road. And I ended up just picking it up.
> Q. In what condition was it in?
> A. It was rusty and unusable.
> Q. What were you thinking when you picked it up?
> A. That I could . . . get a few dollars off it.
> Q. [D]id you think you were prohibited from having it based on its condition?
> A. No.

Similar to the supreme court's explanation in *Florine*, the state must prove that appellant consciously possessed, either physically or constructively, ammunition and that appellant knew it was ammunition. *See* 226 N.W.2d at 610. But appellant's knowledge that the ammunition he possessed was operable, usable, or prohibited is distinguishable from knowledge of the nature of a controlled substance because appellant is not arguing that he did not know that the ammunition he possessed was ammunition. Instead, he asserted that he was unaware that the ammunition was "prohibited" given its "rusty and unusable" condition. Knowledge of operability is irrelevant because "ignorance of the law is no excuse," *State v. King*, 257 N.W.2d 693, 697 (Minn. 1977), and "[c]riminal intent

10

does not require proof of knowledge of the existence . . . of the statute under which the actor is prosecuted or the scope or meaning of the terms used in that statute." Minn. Stat. § 609.02, subd. 9(5) (2020).

## DECISION

We hold that, to prove that a defendant is guilty of being an ineligible person in possession of ammunition under Minn. Stat. § 609.165, subd. 1b(a), the state must prove that the defendant knowingly possessed the ammunition but does not have to prove that the defendant knew the ammunition was operable. Accordingly, the district court did not abuse its discretion by limiting appellant's closing argument at his jury trial based on its interpretation of section 609.165, subd. 1b(a).

**Affirmed.**