**STATE of Minnesota, Respondent,**

v.

**Shawna Kaye DENISON, Appellant.**

**No. C0–99–1047.**

Court of Appeals of Minnesota.

April 4, 2000.

Mike Hatch, Attorney General, Robert A. Stanich, Assistant Attorney General, Jane E. Prine, certified student attorney, St. Paul, MN; and, Richard R. Maes, Lyon County Attorney, Marshall, MN (for respondent).

John M. Stuart, State Public Defender, Bradford S. Delapena and Chad M. Oldfather, Assistant Public Defenders, Minneapolis, MN (for appellant).

Considered and decided by CRIPPEN, Presiding Judge, KLAPHAKE, Judge, and SHUMAKER, Judge.

## OPINION

SHUMAKER, Judge.

A jury found Shawna Kaye Denison guilty of possession of marijuana, as a principal or an accomplice. The evidence showed that the police found marijuana scattered throughout the home appellant shared with her husband, including in areas over which appellant had dominion and control and in close proximity to appellant's personal effects. The evidence supported an inference that appellant herself possessed or aided her husband in possessing marijuana.

The trial court excluded appellant's offer to show her husband's prior conviction for marijuana possession and probation violations for drug use. Such reverse-Spreigl evidence was relevant to appellant's defense that her husband possessed the marijuana, but the error in excluding the evidence was harmless because its admission would not have resulted in a different verdict.

## FACTS

Shawna Kaye Denison and her husband, Wayne Denison, lived with their child in a two-bedroom home in Garvin, Minnesota. Having obtained evidence that the home was being used to grow marijuana, the police executed a search warrant at the Denison residence on December 29, 1997.

Scattered throughout the house were marijuana leaves and seeds, drug paraphernalia, and equipment used in growing marijuana. The master bedroom contained men's and women's clothing. The closet of that bedroom contained women's clothing. The police found in the closet burnt marijuana cigarettes in six spice bottles, two homemade "bongs," and a pail of marijuana seeds. They found a box of marijuana buds at the head of the bed in the master bedroom.

In the kitchen, the police found small baggies of marijuana and burnt marijuana cigarettes in bottles in the spice rack. They found various pipes, marijuana seeds, loose marijuana, and burnt marijuana cigarettes in the dining room china cupboard. There were marijuana seeds in the bathroom in a pill bottle with Wayne Denison's name on it. Marijuana in bags was scattered over the attic floor.

Located in the basement were a light hooked to a power source, multi-purpose plant food, potting soil, cups, and a pail of marijuana. The basement windows were covered with cardboard.

The police seized from the Denison home 5.94 pounds of usable marijuana products, with an estimated street value of $19,008.

The state charged Shawna Kaye Denison with drug law violations, either as a principal or an accomplice. She pleaded not guilty, asserting as a defense that she was merely present in a residence where her husband grew and stored his own marijuana. To corroborate that defense, she moved before trial to admit evidence that Wayne Denison had been convicted in 1994 for marijuana possession, and that four times in 1995 and 1996, while he was on probation, Wayne Denison failed drug screening tests. The trial court found these facts to be clear and convincing but excluded them as irrelevant.

The trial court dismissed one charge and vacated the verdict of guilty on another. Ultimately, Ms. Denison was convicted of possession of marijuana. She appeals, challenging the sufficiency of the evidence and the court's exclusion of evidence of her husband's drug involvement.

## ISSUES

1. Circumstantial evidence showed that the police found marijuana in all common areas of a home over which appellant had at least joint dominion and control and in close proximity to appellant's personal effects. Was the evidence sufficient to establish appellant's constructive possession of marijuana?

2. Appellant's defense was that she was merely a passive resident of a home in which her husband stored his own marijuana. Was it error for the trial court to exclude reverse-Spreigl evidence of the husband's prior marijuana possession and drug use?

## ANALYSIS

### I. Sufficiency of the Evidence

■■■ This court's review of the sufficiency of the evidence is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, supports the verdict. *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989). Circumstantial evidence is entitled to as much weight as other evidence. *Id.* A conviction based on circumstantial evidence merits stricter scrutiny, but is proper if the circumstances proved are consistent with guilt and inconsistent with any other rational hypothesis. *State v. Walen*, 563 N.W.2d 742, 750 (Minn.1997).

■■■ Ms. Denison concedes that the evidence adduced at trial was consistent with the hypothesis that she possessed, or aided her husband in possessing, the marijuana found in her home. However, she argues that the evidence was also consistent with the rational hypothesis that she was merely a resident of the home and that her husband was the sole possessor of the marijuana.

■■■ A person is guilty of possession of a controlled substance if she knew the nature of the substance and either physically or constructively possessed it. *State v. Florine*, 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975). A person may constructively possess a controlled substance alone or with others. *Commissioner of Revenue v. Fort*, 479 N.W.2d 43, 46 (Minn.1992) (citing *State v. Wiley*, 295 Minn. 411, 422, 205 N.W.2d 667, 675–76 (1973)).

The purpose of the constructive possession doctrine is to include within the possession statute those cases where the

state cannot prove actual or physical possession at the time of arrest, but where the inference is strong that the defendant at one time physically possessed the substance or exercised dominion and control over it.

*State v. Lozar*, 458 N.W.2d 434, 441 (Minn. App.1990), *review denied* (Minn. Sept. 28, 1990). Constructive possession may be proved by showing either that (1) the controlled substance was found in an area under the defendant's control and to which others normally had no access; or (2) if others had access to the location of the controlled substance, the evidence indicates a strong probability that the defendant exercised dominion and control over the area. *Florine*, 303 Minn. at 105, 226 N.W.2d at 611. We look to the totality of the circumstances in assessing whether or not constructive possession has been proved. *State v. Munoz*, 385 N.W.2d 373, 377 (Minn.App.1986).

Ms. Denison argues that she was merely passively present at the location where her husband kept his marijuana. The facts support a contrary inference. Some of the marijuana was located in a closet where Ms. Denison kept her clothing. *See State v. Mollberg*, 310 Minn. 376, 390, 246 N.W.2d 463, 472 (1976) (it was proved that defendant possessed marijuana because it was located in a closet where he kept personal items). There was marijuana near the bed in the bedroom. *See State v. Colsch*, 284 N.W.2d 839, 841 (Minn.1979) (defendant guilty of possession when drugs found in bedroom where defendant kept clothing and other items). Marijuana was located in virtually all common areas of the house over which Ms. Denison inferentially would exercise at least joint control with her husband. *See Lozar*, 458 N.W.2d at 441 (evidence was sufficient to support finding that wife constructively possessed marijuana where large quantities of substance were found in common areas of home that wife jointly possessed with husband).

Because the evidence revealed marijuana located in close proximity to Ms. Denison's personal effects and in areas of the home over which Ms. Denison likely exercised at least joint dominion and control with her husband, the jury could reasonably infer that Ms. Denison aided her husband in possessing marijuana. Under the totality of the circumstances, the inference that Ms. Denison was merely a passive resident of the house in which Mr. Denison kept his marijuana was not a rational one. The circumstantial evidence establishes Ms. Denison's constructive possession of marijuana.

## II. Exclusion of Evidence

The trial court denied Ms. Denison's offer of reverse-Spreigl evidence that would have shown Mr. Denison's prior possession and use of marijuana. *See State v. Johnson*, 568 N.W.2d 426, 433 (Minn.1997) (defendant may seek to introduce evidence of other crimes or misconduct of a *third person* to prove that the third person, rather than defendant, committed the crime charged). The trial court has broad discretion in evidentiary rulings. *State v. Greenleaf*, 591 N.W.2d 488, 504 (1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 156, 145 L.Ed.2d 132 (1999). Even if the trial court errs in excluding defense evidence, this court will not reverse if it is satisfied beyond a reasonable doubt that the jury would have reached the same verdict if the evidence had been admitted and its potential for damage fully realized. *State v. Post*, 512 N.W.2d 99, 102 (Minn.1994).

Reverse-Spreigl evidence is not admissible unless (1) it is shown clearly and convincingly that the third-party committed the prior bad acts; (2) evidence of the prior conduct is relevant to the case; and (3) the probative value of the evidence is not outweighed by its potential for unfair prejudice. *State v. Bolte*, 530 N.W.2d 191, 197 (Minn.1995). The trial court ruled that the evidence of Mr. Denison's prior bad acts was clear and convincing but that it was not relevant. We hold that the trial court erred in excluding the reverse-Spreigl evidence as irrelevant.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Minn. R. Evid. 401. Ms. Denison's defense was that Mr. Denison possessed the marijuana. Evidence that previously he not only possessed but also used illegal drugs was relevant to the proposition that Mr. Denison possessed the marijuana found in the home he shared with Ms. Denison. Curiously, our courts seem to have little trouble finding similar evidence relevant when offered as Spreigl evidence. See *State v. Starnes*, 396 N.W.2d 676, 680 (Minn.App.1986) (evidence of defendant's prior marijuana possession and sale admissible as Spreigl evidence on the issue of entrapment). We believe that the reverse-Spreigl evidence here met the "any tendency" test of rule 401, and that it should have been allowed. But we believe the error was harmless. At best, the evidence would show that Mr. Denison also possessed the marijuana. Considering the totality of the circumstances, it would not negate the strong inference that Ms. Denison was a joint possessor or that she aided her husband in his possession of the substance. There is no reasonable possibility the verdict would have been different had the reverse-Spreigl evidence been admitted. *See Post*, 512 N.W.2d at 102.

## DECISION

The evidence was sufficient to prove appellant's constructive possession of marijuana either as a principal or an accomplice. Although the trial court erred in excluding reverse-Spreigl evidence, the error was harmless because had the excluded evidence been admitted the verdict would not have been different.

**Affirmed.**