*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0734**

State of Minnesota,
Respondent,

vs.

Bobby Maurice McGary,
Appellant.

**Filed May 9, 2016
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-CR-11-40698

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Peterson, Judge; and Jesson, Judge.

UNPUBLISHED OPINION

**Kirk**, Judge

Challenging his conviction of first-degree possession of a controlled substance, appellant argues that there is insufficient evidence to demonstrate that he actually or constructively possessed the cocaine found on a public street. We affirm.

**FACTS**

Appellant Bobby Maurice McGary was charged with first-degree possession of a controlled substance after law enforcement found 46.6 grams of cocaine discarded along a road driven by appellant prior to the traffic stop of his vehicle.

At appellant's one-day bench trial, Brooklyn Center Police Officer Ryan Soliday testified about the events leading up to the traffic stop. At approximately 8:00 p.m. on December 28, 2011, Officer Soliday was patrolling an area known for high narcotic activity in Brooklyn Center. Officer Soliday observed a gold four-door Ford sports utility vehicle (SUV) drive along 66th Avenue North and turn southbound on Willow Lane. The SUV caught his attention in part because it was driving through an isolated area. Officer Soliday parked his squad vehicle on Riverwood Lane. Approximately five minutes later, Officer Soliday again observed the SUV traveling north on Willow Lane. As the SUV approached the officer's squad vehicle, the driver of the SUV abruptly slammed on the vehicle's brakes, stopping the vehicle in the middle of the road. Officer Soliday observed that, despite the cold weather, the driver's side window was rolled down. The driver of the SUV then drove in reverse in the middle of Willow Lane. Officer Soliday drove south on Willow

Lane to see what the driver of the SUV was doing. At this point, the two vehicles were facing each other in opposite lanes on Willow Lane.

Officer Soliday observed the driver of the SUV accelerate quickly north on Willow Lane and make a left-hand turn without signaling onto Riverwood Lane. As Officer Soliday followed the vehicle on Riverwood Lane, he observed the SUV proceed at a very high rate of speed. After the driver made another left-hand turn onto 65th Avenue North without signaling, Officer Soliday activated his emergency lights to initiate a traffic stop. Law enforcement later determined that appellant was the driver of the SUV. Appellant's erratic driving behavior prompted Officer Soliday to ask Sergeant Steven Pastor to retrace the route that appellant had driven just prior to the stop to see if he had discarded any contraband from his vehicle. Sergeant Pastor testified that he retraced the route, and a very short time later, he informed Officer Soliday that he had located narcotics strewn in the middle of Riverwood Lane just north of the 65th Avenue North intersection.

Officer Soliday met Sergeant Pastor on Riverwood Lane and he observed approximately three clear plastic baggies containing a white, powdery substance "kind of strewn" about the street. From his training and experience, he believed that the powdery substance was cocaine. Some of the baggies were still sealed, but others had broken open. Sergeant Pastor remained on the scene and another officer assisted him in photographing the items in the roadway and recovering the substance.

Officer Soliday testified that while he followed appellant's vehicle, he did not observe any other vehicles or persons in the area. Sergeant Pastor also testified that he did not see any other vehicles or persons in the roadway while retracing the route. On cross-

3

examination, Officer Soliday testified that about five minutes had elapsed between the two times that he saw appellant's vehicle. Appellant was arrested for drug possession and taken into custody. During a lawful search incident to arrest, Officer Soliday recovered $1,660 from appellant's person.

A forensic chemist from the Minnesota Bureau of Criminal Apprehension (BCA) determined that the baggies contained a total weight of 46.6 grams of cocaine. A technical lead for the latent print section of the Tri-County Regional Forensic Lab positively matched appellant's right ring fingerprint to a latent fingerprint found on one of the baggies containing cocaine that was recovered from the street.

Appellant elected not to testify at the bench trial. The district court issued its findings of fact and conclusions of law and found appellant guilty as charged. It accepted appellant's motion for a downward durational departure and sentenced him to 60 months in prison.

This appeal follows.

## D E C I S I O N

In considering a claim of insufficient evidence, this court's review "is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn. 1989). The reviewing court must assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). "We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and for the

4

necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that a defendant was proven guilty of the offense charged." *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004) (quotation omitted).

Appellant argues that his possession conviction was based solely on circumstantial evidence and that there are legitimate inferences that could be drawn from the evidence that show that he did not actually or constructively possess the cocaine. Here, the state agrees that it was required to prove appellant constructively possessed cocaine through circumstantial evidence. *See State v. Florine*, 303 Minn. 103, 104-05, 226 N.W.2d 609, 610 (1975) (applying constructive possession in narcotics cases). We agree. Because there is no evidence in the record to show that appellant actually possessed the cocaine, as none was found on his person or in his vehicle, our review is to determine if the circumstantial evidence is sufficient to establish constructive possession.

Because appellant disputes the circumstantial evidence offered by the state to prove possession, we apply a two-step analysis. *State v. Hanson*, 800 N.W.2d 618, 622 (Minn. 2011). We first identify the circumstances proved and defer to the fact-finder's acceptance of proof of these circumstances, and reject evidence conflicting with those circumstances. *State v. Silvernail*, 831 N.W.2d 594, 598-99 (Minn. 2013). "We then independently examine the reasonableness of the inference to be drawn from the circumstances proved," including inferences of innocence as well as guilt. *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012). "We will not overturn a conviction based on circumstantial evidence on the basis of mere conjecture." *State v. Lahue*, 585 N.W.2d 785, 789 (Minn. 1998); *see Hanson*, 800 N.W.2d at 622 (stating that a rational hypothesis negating guilt must be based on more

5

than mere conjecture). We examine the totality of the circumstances when "assessing whether or not constructive possession has been proved." *State v. Denison*, 607 N.W.2d 796, 800 (Minn. App. 2000), *review denied* (Minn. June 13, 2000).

The state can prove constructive possession by showing: (1) "the police found the substance in a place under [appellant's] exclusive control to which other people did not normally have access," or (2) "if police found [the substance] in a place to which others had access, there is a strong probability (inferable from other evidence) that [appellant] was at the time consciously exercising dominion and control over it." *Florine*, 303 Minn. at 105, 226 N.W.2d at 611; *State v. Salyers*, 858 N.W.2d 156, 159 (Minn. 2015).

Here, the circumstances proved include: Officer Soliday saw appellant's vehicle driving northbound on Willow Lane after just traveling southbound on Willow Lane, which is an isolated area known for high narcotic activity; upon approaching Officer Soliday's squad vehicle, appellant attempted to evade the officer's pursuit as he immediately reversed course and drove away at a high rate of speed; approximately five minutes elapsed between the two times Officer Soliday observed appellant driving along the Riverwood Lane-Willow Lane-65th Avenue North loop; Officer Soliday and Sergeant Pastor did not see any other vehicles or pedestrians in the immediate area during the relevant time periods; appellant's driver's side window was rolled down before Officer Soliday initiated the traffic stop in cold-weather conditions; $1,660 was found on appellant's person; 46.6 grams of cocaine were found strewn along Riverwood Lane; and a latent fingerprint matching appellant's right ring finger was found on a plastic baggie containing cocaine on Riverwood Lane. Viewing the totality of the circumstances, the evidence supports a

reasonable inference that appellant constructively possessed the cocaine found on Riverwood Lane by exercising dominion and control over it. *Denison*, 607 N.W.2d at 800.

Appellant urges this court to consider four hypotheses that could lead us to conclude that appellant did not actually possess the cocaine, including: (1) appellant, as an African American male, was scared of encountering an armed police officer at night and he quickly left the area to avoid contact with law enforcement; (2) appellant was lost or forgot something and decided to drive in reverse on Willow Lane; (3) appellant touched the plastic baggie containing cocaine before it was filled with cocaine; or (4) appellant touched the baggie to tell someone else to get rid of it. But these hypotheses are speculative and do not constitute reasonable inferences that could be drawn from the factual record. *Lahue*, 585 N.W.2d at 789.

Appellant also raises hypotheses suggesting that he did not constructively possess the cocaine: (1) he could not have discarded the cocaine from the vehicle without being seen given its large quantity and the fact that Officer Soliday's headlights and emergency lights were directed towards his vehicle; (2) another person who was traveling along the road spotted the officers' squad vehicles, became alarmed and abandoned the drugs; and (3) during the pursuit of appellant's vehicle, Officer Soliday was not looking for other individuals who were located near the roadway who could have discarded the drugs. But we must assume that the fact-finder "believed the state's witnesses and disbelieved any evidence to the contrary." *Moore*, 438 N.W.2d at 108. Here, the district court credited Officer Soliday and Sergeant Pastor's testimony that they did not see any other person or vehicle on the road during the relevant time period. The record also affirms that Officer

7

Soliday had to catch up to appellant's vehicle before the traffic stop, so his headlights and emergency lights were not constantly directed on appellant's vehicle. And an alternative theory does not justify a new trial if that theory is not plausible or supported by the evidence. *See State v. Wallace*, 558 N.W.2d 469, 473 (Minn. 1997).

In contrast, the state provided a considerable amount of circumstantial evidence linking appellant to possessing the cocaine before he discarded it on the street. For these reasons, the circumstantial evidence is sufficient to prove appellant constructively possessed the cocaine before he discarded it in the street.

Finally, in his pro se supplemental brief, appellant argues that a copy of the video recording of the traffic stop has been withheld from his attorney, and that the video would prove that the state erroneously presented numerous facts of the case. Appellant does not point to anywhere in the record indicating that there is a video that has been withheld from him or that he raised this issue before the district court. Hence, appellant's arguments are deemed waived. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

**Affirmed**.