*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1954**


State of Minnesota,
Respondent,

vs.

Robert Joseph Engen,
Appellant.


**Filed November 21, 2016
Affirmed
Bjorkman, Judge**


Meeker County District Court
File No. 47-CR-14-1017

Lori Swanson, Attorney General, Edwin W. Stockmeyer, Assistant Attorney General, St. Paul, Minnesota; and

Brandi Schiefelbein, Meeker County Attorney, Litchfield, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the sufficiency of the evidence supporting his convictions of fifth-degree possession of a controlled substance and possession of drug paraphernalia in the presence of a child. We affirm.

**FACTS**

Appellant Robert Engen lives with his wife, S.F., and three other individuals in a two-story home in Litchfield. Engen and S.F. share the upstairs; the others reside on the first floor. Because S.F. is on probation, she is subject to random searches of her residence. One such search occurred on the afternoon of November 13, 2014. Litchfield Police Officers Benjamin Aho and Jason Johnson and Minnesota Department of Corrections Agent Jarrod Tabor arrived at the residence at about 2:00 p.m. Agent Tabor called out for S.F., alerting the occupants of the house to the presence of law enforcement. After being informed that S.F. was upstairs, Agent Tabor and Officer Aho proceeded up the spiral staircase and found S.F. in the bedroom with her seven-month-old niece.

Because Engen had an active warrant for his arrest, Officer Aho asked S.F. if Engen was in the residence. Engen was known to hide in a crawl space attached to the upstairs bedroom. S.F. eventually admitted Engen was there. The officers removed the makeshift Styrofoam door and saw Engen hiding in the 8x10-foot crawl space within four feet of two small cloth bags. The light blue bag contained several pipes with burnt residue. The dark bag contained glass pipes, two light bulbs used for smoking methamphetamine, and a small amount of a green leafy substance. S.F. told the officers that the bags belonged to Engen.

Subsequent testing of one of the light bulbs by the Minnesota Bureau of Criminal Apprehension revealed the presence of methamphetamine.

Respondent State of Minnesota charged Engen with fifth-degree possession of a controlled substance, storing methamphetamine paraphernalia in the presence of a child, and possession of drug paraphernalia. Engen waived his right to a jury trial, and the district court found him guilty as charged. Engen appeals.

## D E C I S I O N

Engen argues that the evidence was not sufficient to prove that he knowingly possessed the methamphetamine paraphernalia that contained a trace amount of methamphetamine.[1] To support a conviction of fifth-degree possession of a controlled substance, the state must prove the defendant unlawfully possessed one or more mixtures containing methamphetamine. Minn. Stat. § 152.025, subd. 2(a)(1) (2014). This requires proof that the "defendant consciously possessed, either physically or constructively, the substance and that defendant had actual knowledge of the nature of the substance." *State v. Florine*, 303 Minn. 103, 104, 226 N.W.2d 609, 610 (1975). To prove constructive possession, the state must either prove that the controlled substance was in a place under the defendant's exclusive control, or that there is a strong probability that the defendant was, at the time of discovery, consciously exercising dominion and control over the substance. *State v. Salyers*, 858 N.W.2d 156, 159 (Minn. 2015). Proximity to an item is an important consideration in assessing constructive possession. *State v. Smith*, 619

---

[1] Engen does not challenge the district court's determination that he possessed drug paraphernalia.

3

N.W.2d 766, 770 (Minn. App. 2000), *review denied* (Minn. Jan. 16, 2001). Constructive possession "need not be exclusive, but may be shared." *Id.*

To support a conviction of storing methamphetamine paraphernalia in the presence of a child, the state must prove the defendant knowingly stored methamphetamine paraphernalia in a building, structure, conveyance or outdoor location where a child might be expected to be present. Minn. Stat. § 152.137, subd. 2(a)(4) (2014).

**I.      Sufficient evidence supports the district court's determination that Engen knowingly possessed methamphetamine and stored methamphetamine paraphernalia in a child's presence.**

When conducting a sufficiency review, we carefully consider the evidence to "determine whether the legitimate inferences drawn from the facts in the record would reasonably support the jury's conclusion that the defendant was guilty beyond a reasonable doubt." *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012). We must give "due regard to the defendant's presumption of innocence and the state's burden of proof, and will uphold the verdict if the jury could reasonably have found the defendant guilty." *Id.* We apply the same standard of review in bench trials and in jury trials in evaluating the sufficiency of the evidence. *State v. Palmer*, 803 N.W.2d 727, 733 (Minn. 2011).

A defendant's constructive possession may be proved circumstantially. When reviewing a conviction based on circumstantial evidence, we apply a two-step analysis. *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013). First, we identify the circumstances proved—the circumstances supporting the jury's verdict. *Id.* at 598-99. In doing so, we must "assume that the jury resolved any factual disputes in a manner that is consistent with the jury's verdict." *State v. Moore*, 846 N.W.2d 83, 88 (Minn. 2014). "This is because the

4

jury is in the best position to evaluate the credibility of the evidence, even in cases based on circumstantial evidence." *Id.* "The second step is to determine whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt." *Id.* (quotations omitted). We do not defer to the fact-finder's choice between reasonable inferences. *Silvernail*, 831 N.W.2d at 599.

The parties dispute whether the direct- or circumstantial-evidence standard of review applies in this case. But we need not resolve this issue because the evidence is sufficient under the more exacting circumstantial-evidence standard. *Id.* at 598 (choosing not to decide between a direct or circumstantial standard of review when even under the more favorable standard to appellant there is sufficient evidence to support conviction).

The circumstances proved include the following: (1) Engen's and S.F.'s bedroom comprises the entire second floor of the house; (2) only S.F. and Engen use the bedroom; (3) Engen's clothing and water bong were located in the bedroom; (4) the crawl space is attached to and can only be accessed through the bedroom; (5) the crawl space is an 8x10-foot makeshift room with only Styrofoam for a "door"; (6) officers had previously found Engen hiding in the crawl space; no other resident had done the same; (7) on the day in question, officers found Engen in the crawl space along with two cloth bags; (8) the bags were four feet away from Engen; (9) the dark bag contained a light bulb that tested positive for methamphetamine; (10) Engen smoked methamphetamine from this light bulb earlier that day; (11) Engen admitted he was hiding from the officers; and (12) S.F. told the officers at the scene that both cloth bags belonged to Engen.

Having identified the circumstances proved, we next "consider the inferences that might be drawn from those circumstances, to determine if there are any rational inferences consistent with a hypothesis other than guilt." *State v. Al-Naseer*, 788 N.W.2d 469, 477 (Minn. 2010). Engen has the burden to "point to evidence in the record that is consistent with a rational theory other than guilt." *State v. Taylor*, 650 N.W.2d 190, 206 (Minn. 2002).

Engen contends that the circumstances proved lead to the reasonable hypothesis that someone other than him put the dark bag in the crawl space and Engen was unaware of its presence. Engen argues that J.S., whose drugs were found on the first floor of the home, could have placed the dark bag in the upstairs crawl space. And Engen contends that S.F., knowing the police were there to check on her, threw her drugs in the crawl space with Engen hoping they would not be found. We are not persuaded.

First, Engen's contention that J.S. possessed the bag in which the light bulb was found is not part of the circumstances proved. In fact, the district court expressly found Engen's and S.F.'s testimony that the bag belonged to J.S. was not credible.

Second, Engen's argument that S.F. possessed the dark bag is not inconsistent with Engen's guilt. Engen could jointly possess the bag with S.F. "A person may constructively possess a controlled substance alone or with others." *State v. Denison*, 607 N.W.2d 796, 799 (Minn. App. 2000), *review denied* (Minn. June 13, 2000). In *Denison*, we concluded that the close proximity to personal effects in an area of the home where there was joint dominion and control between a husband and wife was enough for the jury to reasonably infer joint constructive possession. *Id.* at 800; *see also State v. Porte*, 832 N.W.2d 303,

6

308 (Minn. App. 2013) (concluding that jurors could find Porte guilty of the controlled-substance offenses if they believed either that Porte possessed the crack cocaine alone or jointly with R.M.). Consequently, Engen's argument that it was S.F.'s bag leads to an equally strong argument that it was his bag as well through joint possession.

We are persuaded that the circumstances proved reasonably lead only to the inference that Engen knowingly possessed the dark bag containing the light bulb with traces of methamphetamine. Engen's close proximity—only four feet—evidences his dominion and control over the bag and its contents. *Smith*, 619 N.W.2d at 770. And the dark bag was next to a bag containing pipes that had belonged to Engen. *Denison*, 607 N.W.2d at 800 (concluding that evidence found in close proximity to personal effects and in areas where there is at least joint dominion and control could lead to the reasonable inference of possession). The crawl space in which Engen and both bags were found can only be accessed through Engen and S.F.'s room, which no one but Engen and S.F. regularly used, giving Engen and S.F. exclusive control. *Salyers*, 858 N.W.2d at 159 (finding a space to be under exclusive control when "other people did not normally have access" to that space (quotation omitted)).

Engen asserts that the evidence was not sufficient to prove that Engen had "actual knowledge of the nature of the substance" contained in the light bulb. *See Florine*, 303 Minn. at 104, 226 N.W.2d at 611. We disagree. The circumstances proved include the fact that Engen had smoked methamphetamine from the light bulb in question just before the search and his arrest. Moreover, the fact that he was hiding with the concealed light bulb and other drug-related items evidences his awareness that he possessed a controlled

7

substance. Such an awareness satisfies the actual-knowledge requirement. *State v. Ali*, 775 N.W.2d 914, 919 (Minn. App. 2009), *review denied* (Minn. Feb. 16, 2010). As a methamphetamine user, Engen was familiar with the substance, and the suggestion that he would think that the residue left behind no longer contained methamphetamine is not reasonable. On this record, we conclude that the evidence was sufficient to prove that Engen knowingly possessed both the light bulb and the methamphetamine it contained.[2]

## II. Possession of even a trace amount of methamphetamine is sufficient to sustain a conviction under Minn. Stat. § 152.025, subd. 2(a)(1).

Minn. Stat. § 152.025, subd. 2(a)(1) prohibits possession of a "mixture[] containing a controlled substance." The statute does not require the state to prove a specific weight as an element of the offense. *State v. Traxler*, 583 N.W.2d 556, 562 (Minn. 1998) (holding that a trace amount of methamphetamine was sufficient to support a conviction of fifth-degree controlled-substance crime). It is undisputed that the light bulb tested positive for methamphetamine. Because even a trace amount of methamphetamine is sufficient to sustain a conviction under Minn. Stat. § 152.025, subd. 2(a)(1), we affirm Engen's conviction.

**Affirmed.**

---

[2] Engen does not challenge the district court's determination that the methamphetamine paraphernalia was found in an area in which a child was present.

8