HOOTEN, Judge
Appellant was convicted of first-degree controlled-substance crime for possessing methamphetamine, committing a gross misdemeanor or felony while possessing a bulletproof vest, and driving without a valid license. He argues on direct appeal that there was insufficient circumstantial evidence to prove beyond a reasonable doubt that he knowingly possessed methamphetamine, and he argues that he was denied a fair trial because of prosecutorial misconduct during closing arguments. We affirm.
FACTS
In December 2014, Farmington Police Officer Christopher Lutz was on patrol when he noticed a Ford F-150 swerving and crossing both the center line and the fog line. Officer Lutz stopped the truck and asked the driver, Jose Barrios German, for his license. German did not have a valid driver's license, but he gave the officer an identification card. Officer Lutz ran the truck's license plate and discovered that a different man was the vehicle's registered owner. Officer Lutz ordered German to exit the truck and detained him.
Officer Lutz left J.S., the vehicle's sole passenger, in the truck while he secured German in his squad car and questioned him. Officer Lutz knew J.S. from her extensive criminal history, which includes drug, weapon, burglary, fraud, and theft convictions. He also knew she was a methamphetamine user. It was dark, Officer Lutz was alone, and he was not watching J.S. while he was securing German. After securing German in his squad car, Officer Lutz removed J.S. from the truck. He searched her and her purse for weapons, but did not find any. Officer Lutz took J.S.
*471 to his squad car and then conducted an inventory search of the truck to prepare it for towing.
During the inventory search of the truck, Officer Lutz found a duffle bag on the floor between the front center console and the back seat. The bag could be reached from the front of the truck. In the bag's main compartment, Officer Lutz located a bulletproof vest. In the bag's front, zipped pocket, Officer Lutz found a glove containing a plastic bag with a white crystal substance in it. Officer Lutz also found casino player cards in the bag's front pocket. German's name was on one card; another man's name was on the other.
From the front console, between the driver and passenger seats, Officer Lutz retrieved German's wallet. Inside a pouch in the wallet, Officer Lutz found a folded dollar bill containing a white crystal substance. Testing by the Minnesota Bureau of Criminal Apprehension indicated that both substances contained methamphetamine. The total weight of the two substances equaled approximately 31.5 grams.
German was charged with: first-degree controlled-substance crime under Minn. Stat. § 152.021, subd. 2(a)(1) (2014), for possessing more than 25 grams of methamphetamine; committing a gross misdemeanor or felony while in possession of a bulletproof vest under Minn. Stat. § 609.486 (2014) ; and driving without a license under Minn. Stat. § 171.02, subd. 1 (2014). J.S. was not charged with any crimes.
At German's jury trial, Officer Lutz testified about the stop. On cross-examination, Officer Lutz stated that prior to trial, he reviewed his reports and body-camera footage from the date of the offense to prepare for his testimony. When asked about the length of time J.S. was left in the truck, the officer testified, "Thirty seconds, a minute, roughly. I'd have to watch the body cam footage to tell you for sure." Officer Lutz said it would surprise him if J.S. was in the truck alone for over a minute. During the rebuttal closing argument, the prosecutor repeated Officer Lutz's testimony that he left J.S. unmonitored in the truck for thirty seconds to a minute. The prosecutor then questioned whether it was reasonable for the jury to believe that J.S. could have placed the drugs in the glove in such a short amount of time. The prosecutor asked the jury to recall Officer Lutz's testimony that he reviewed reports and body camera footage prior to testifying in order to remember the details of the case. He also told the jury to make its determinations based on "the facts, the testimony, and the evidence."
During deliberations, the jury asked to review Officer Lutz's report or body camera footage. The district court denied the request, telling the jury to rely on the testimony presented during trial. The jury convicted appellant of all three charges. This appeal follows.
ISSUES
I. Was there sufficient circumstantial evidence to support German's first-degree controlled-substance crime conviction?
II. Did the state commit misconduct in its rebuttal argument warranting a new trial?
III. Does German's pro se brief raise any arguments that merit relief?
ANALYSIS
I. Sufficiency of the evidence
German challenges the sufficiency of the evidence against him on the charge of first-degree controlled-substance crime for possessing methamphetamine.
*472 He specifically argues that there was insufficient evidence on the element of possession. In this case, the state sought to prove constructive possession as opposed to actual possession.[1] Constructive possession can be proved through either direct or circumstantial evidence. See State v. Salyers , 858 N.W.2d 156, 160 (Minn. 2015) (establishing constructive possession by direct evidence); State v. Sam , 859 N.W.2d 825, 832 (Minn. App. 2015) (establishing constructive possession by circumstantial evidence). Here, both parties agree that proof of German's constructive possession of the methamphetamine turned on circumstantial evidence, not direct evidence. We agree.
When reviewing the sufficiency of the evidence for convictions based on circumstantial evidence, we conduct a two-step analysis. State v. Hanson , 800 N.W.2d 618, 622 (Minn. 2011). First, we identify the circumstances proved, deferring "to the jury's acceptance of the proof of these circumstances and rejection of evidence in the record that conflicted with evidence proved by the State." State v. Silvernail , 831 N.W.2d 594, 598-99 (Minn. 2013) (quotation omitted). As the fact finder, the jury determines the credibility of witnesses and weighs the evidence presented at trial. State v. Harris , 895 N.W.2d 592, 600 (Minn. 2017). Thus, we resolve "all questions of fact in favor of the jury's verdict, resulting in a subset of facts that constitute the circumstances proved." Id. (quotation omitted).
At the second step, we "determine whether the circumstances proved are consistent with guilt and inconsistent with any rational hypothesis except that of guilt." Silvernail , 831 N.W.2d at 599 (quotation omitted). "Circumstantial evidence must form a complete chain that, in view of the evidence as a whole, leads so directly to the guilt of the defendant as to exclude beyond a reasonable doubt any reasonable inference other than guilt." State v. Al-Naseer , 788 N.W.2d 469, 473 (Minn. 2010). At this step, we give no deference to the jury's choice between reasonable inferences. Silvernail , 831 N.W.2d at 599. Still, "[w]e will not overturn a conviction based on circumstantial evidence on the basis of mere conjecture." State v. Andersen , 784 N.W.2d 320, 330 (Minn. 2010) (quotation omitted). This is because "the State's burden is not to remove all doubt, but to remove all reasonable doubt." State v. Hughes , 749 N.W.2d 307, 313 (Minn. 2008). Thus, "possibilities of innocence do not require reversal of a jury verdict so long as the evidence taken as a whole makes such theories seem unreasonable." State v. Taylor , 650 N.W.2d 190, 206 (Minn. 2002) (quotation omitted). We now turn to the first step in our analysis.
i. Circumstances proved
The parties disagree about what evidence we should consider at this first step. The state argues that we should not consider three of the circumstances that German identified in his brief as circumstances proved: (1) that J.S. had a criminal history of possessing drugs and weapons; (2) that J.S. was a methamphetamine user; and (3) that the state produced no evidence of German's DNA or fingerprints on the bag of drugs. The state asserts that we should not consider these facts because *473 they are inconsistent with the jury's verdict. German asks us to consider these three facts because they are uncontroverted.
We begin with the first two disputed circumstances-J.S.'s criminal history and her history of methamphetamine use-which present us with the question of whether uncontroverted facts established by a state witness should be considered circumstances proved when they do not contradict the verdict. Three points of law guide us in answering this question. First, when identifying the circumstances proved, we must "defer to the jury's acceptance of the proof of these circumstances and rejection of evidence in the record that conflicted with the circumstances proved by the state"; and we "construe conflicting evidence in the light most favorable to the verdict." Silvernail , 831 N.W.2d at 598-99 (quotations omitted) (emphasis added). Second, we are to "assume that the jury believed the State's witnesses and disbelieved the defense witnesses." Id. at 599 (quotation omitted). And third, we must "disregard evidence that is inconsistent with the jury's verdict." Harris , 895 N.W.2d at 601.
With regard to the first point, if there had been additional testimony asserting that J.S. did not have a criminal history or a history of methamphetamine use, then we would be obliged to construe this conflicting evidence "in the light most favorable to the verdict" and assume that the jury did not believe J.S. had a criminal history and a history of methamphetamine use. Silvernail , 831 N.W.2d at 599 (quotation omitted). But there was no conflicting evidence here; the evidence was uncontroverted. As for the second point, if the testimony about J.S. had come from a defense witness, we would conclude that the jury "disbelieved the defense witnesses." Id. (quotation omitted). But the evidence comes to us from a state witness, whom we assume the jury believed. See id. ("[We] assume that the jury believed the State's witnesses ...."). As for the third point, whether the evidence is inconsistent with the verdict, we conclude that it is inconsistent with neither a verdict of guilty nor a verdict of not guilty. See Harris , 895 N.W.2d at 601 ("[W]e disregard evidence that is inconsistent with the jury's verdict."). Thus, we hold that where circumstances are uncontroverted, come from a state witness, and are not necessarily contradictory to the verdict, they constitute circumstances proved.
We turn to the third disputed circumstance-the state not producing evidence of German's DNA or fingerprints on the bag of drugs at trial. To the extent that German is actually asserting that the state's failure to do something at trial is a circumstance proved, he misunderstands the purpose of the first step of the sufficiency-of-the-circumstantial-evidence test. Its purpose is to identify circumstances proved regarding the alleged crime, not the parties' actions or inactions at trial.
But we understand German's argument to actually be that it is a circumstance proved that there was no DNA or fingerprint evidence on the bag of drugs. This argument presents us with the question of whether the absence of evidence constitutes a circumstance proved. We answer in the negative. No one testified one way or another about DNA or fingerprints at trial. And we do not know whether DNA or fingerprint testing was done. Therefore, any claims about the presence or absence of DNA or fingerprint evidence would be speculative. We hold that the absence of evidence in the record regarding a certain circumstance does not constitute *474 a circumstance proved.[2]
Based on the above analysis, we conclude that the following constitute the relevant circumstances proved: (1) Officer Lutz stopped German, who did not have a driver's license and was driving a truck he did not own; (2) J.S. was a passenger in the truck and was carrying a purse; (3) Officer Lutz found approximately 30.9 grams of white methamphetamine and a bulletproof vest in a duffle bag behind and within arm's reach of the front seats of the truck; (4) Officer Lutz found a casino card with German's name inside the duffle bag; (5) Officer Lutz found the methamphetamine inside a glove in a front, zipped pocket of the duffle bag; (6) Officer Lutz found about 0.6 grams of white methamphetamine inside a folded bill in German's wallet; (7) Officer Lutz searched J.S.'s purse for weapons and did not find any;[3] (8) J.S. had a criminal history of possessing drugs and weapons; (9) J.S. was a methamphetamine user; and (10) Officer Lutz left J.S. in the vehicle for thirty seconds to one minute while dealing with German.
ii. Reasonable inferences
We now turn to step two of the sufficiency-of-the-circumstantial-evidence test. The state contends that the only reasonable inference that can be drawn from the circumstances proved was that German constructively possessed the methamphetamine in the duffle bag. The state argues that this inference is supported for two reasons. First, the state points out that courts use the presence of a defendant's personal items near a controlled substance as evidence tying the defendant to the substance. See, e.g. , Sam , 859 N.W.2d at 835 n.6. In this case, Officer Lutz found the methamphetamine in the same pocket as a casino card with German's name; and he found more methamphetamine in a folded bill inside German's wallet. In contrast, there was nothing tying the methamphetamine to J.S. Second, the state argues that proximity is an important factor in establishing constructive possession. See State v. Porte , 832 N.W.2d 303, 308 (Minn. App. 2013). And Officer Lutz found the duffle bag within arm's reach of German (though also of J.S.).
German contends that the circumstances proved support the rational inference that J.S. possessed the drugs and moved them from her purse to the duffle bag while she was unattended. To support his theory, German points to the evidence of J.S.'s criminal history and methamphetamine use, the lack of evidence of German's DNA or fingerprints on the bag of drugs, and the fact that J.S. was left unattended in the truck. German also argues that the jury's request for the body camera footage shows that they were deciding between two separate inferences: whether German or J.S. placed the drugs in the duffle bag.
German cites two recent cases to support his argument. In the first case, *475 State v. Harris , police removed three people from a vehicle and found a partially-hidden firearm near the sunroof of the vehicle. 895 N.W.2d at 597. The driver of the vehicle, Harris, did not own the car, and the firearm was not immediately visible. Id. at 596-97. Moreover, DNA evidence implicating Harris was inconclusive. Id. at 602. The supreme court held that the circumstances proved did not "preclude a reasonable inference that Harris did not know the firearm was in the car." Id. at 602.
In the second case, State v. Sam , police located a firearm in the center console of a vehicle and methamphetamine in its glove compartment after removing two occupants from the vehicle. 859 N.W.2d at 828-29. Following the stop, police observed the passenger making furtive movements. Id. Further, the defendant did not own the vehicle. Id. at 828. This court held that the circumstances proved did not preclude reasonable inferences that either the vehicle's owner or the passenger placed the controlled substances and the firearm in the vehicle. Id. at 835-36.
Similar to the facts in this case, each defendant in Harris and Sam was driving a car with other passengers, each defendant did not own the car, and the contraband in each case was not immediately visible to law enforcement. Still, this case differs because the methamphetamine can be clearly tied to German whereas the contraband in Harris and Sam could not be clearly tied to those respective defendants. Unlike the factual situations in Harris and Sam , the bag of methamphetamine was found in a duffle bag containing a casino card with German's name on it. German does not assert that the duffle bag belonged to anyone but him. Officer Lutz also found additional methamphetamine in a folded bill inside German's wallet. This ties the methamphetamine to German. And we conclude that the circumstances proved form a complete chain which, viewed in light of the evidence as a whole, leads so directly to German's guilt as to exclude beyond a reasonable doubt any reasonable inference except that of guilt.
The evidence of J.S.'s criminal history and methamphetamine use does not break that chain. While there was evidence that J.S. was left alone in the truck for roughly thirty seconds to one minute,[4] without additional evidence-such as furtive movements indicating that J.S. placed the drugs in the bag or evidence of methamphetamine on her person or in her purse-any inferences implicating her guilt remain wholly speculative and untied to the evidence before the jury. Thus, when considering the evidence "as a whole," Silvernail , 831 N.W.2d at 599, the circumstances proved are insufficient to support a reasonable inference that J.S. placed the methamphetamine in the duffle bag. The evidence as a whole instead points to German's guilt.
Finally, the jury's request for Officer Lutz' bodycam footage is irrelevant because the second step of the circumstantial-evidence test tasks us, as the appellate court, with determining what reasonable inferences can be drawn from the circumstances proved; we do not defer to the jury at this second step. Therefore, the question of whether the jury was contemplating competing hypotheses about the circumstantial evidence is irrelevant to us. Because the evidence against German forms a complete chain pointing to his guilt, and the evidence as a whole is inconsistent with any rational hypothesis except that of his guilt, we must uphold the jury's verdict. Cf. Andersen , 784 N.W.2d at 330 *476 (holding that a conviction shall not be overturned "on the basis of mere conjecture" (quotation omitted)).
II. Prosecutorial misconduct
German next argues that the prosecutor committed reversible misconduct during the rebuttal closing argument. Because German did not object to the prosecutor's conduct at trial, we review the prosecutorial misconduct claim under a modified plain-error standard. See State v. Ramey , 721 N.W.2d 294, 302 (Minn. 2006). This standard requires German to prove the prosecutor's plain error. Id. If he is able to do so, then the burden shifts to the state to show that the "misconduct did not affect substantial rights." Id.
We begin by examining whether there was error. A prosecutor may present "all legitimate arguments on the evidence and all proper inferences that can be drawn from that evidence." State v. Munt , 831 N.W.2d 569, 587 (Minn. 2013) (quotation omitted). But the prosecutor may not intentionally misstate the evidence. State v. Mayhorn , 720 N.W.2d 776, 788 (Minn. 2006).
German argues that the prosecutor misrepresented the evidence about the time J.S. was left alone in the truck. Specifically, he claims that the prosecutor misstated Officer Lutz's testimony while referencing the following statements: (1) Officer Lutz's testimony that he left J.S. unattended for "thirty seconds, a minute, roughly. I'd have to watch the body cam footage to tell you for sure"; and (2) the prosecutor's assertion to the jury that Officer Lutz knew J.S. was unattended for thirty seconds to a minute because Officer Lutz testified " 'I reviewed my reports and body cam. I watched what I did that night.' He refreshed his recollection and was able to testify very specifically as to what he remembered." German asserts that the prosecutor's argument was in error and constituted misconduct because (1) Officer Lutz did not refresh his recollection about the amount of time he left J.S. unattended, since he said he needed to watch the camera footage to do so; and (2) the record shows that Officer Lutz did not say he "very specifically" remembered the amount of time Officer Lutz left J.S. unattended. The state contends that the prosecutor only relied on these facts during his rebuttal argument, summarizing them for the jury without misrepresenting the evidence.
German's argument fails because the claimed misstatements he outlines are not actual misstatements and do not constitute error-plain or otherwise. First, it is not accurate to claim that Officer Lutz failed to refresh his recollection. He explained that he reviewed the camera footage before testifying. While he did not refresh his recollection at trial , Officer Lutz testified that he did refresh it prior to trial. Second, the prosecutor did not mischaracterize Officer Lutz' testimony when he said that Officer Lutz was able to testify "very specifically" as to what he remembered. "Very specifically" is an imprecise term. Officer Lutz testified that he left J.S. in the truck for thirty seconds to one minute, a specific time range. Although "thirty seconds to one minute" might not be the most specific amount of time, it is still specific. Determining whether or not it is "very specific" is an unnecessary undertaking that would require the splitting of linguistic hairs. Accordingly, we conclude that the prosecutor presented an accurate recitation of Officer Lutz's testimony and permissible inferences to the jury. Thus, the prosecutor's statements were not erroneous, and German's argument fails.
III. Pro se brief
German submitted a pro se brief. Although some accommodations may *477 be made for pro se litigants, we generally hold them to the same standards as attorneys. Fitzgerald v. Fitzgerald , 629 N.W.2d 115, 119 (Minn. App. 2001). "Arguments are forfeited if they are presented in a summary and conclusory form, do not cite to applicable law, and fail to analyze the law when claiming that errors of law occurred." State v. Bursch , 905 N.W.2d 884, 889 (Minn. App. 2017).
In his pro se brief, German asks several questions about Officer Lutz's conduct during the stop, the sufficiency of the evidence, prosecutorial misconduct, and his right to a fair trial. But he makes no actual legal arguments. To the extent that his questions would be assertions of error, they are both unsupported by legal authority and inadequately briefed, so they are forfeited. See id. And even if they weren't forfeited, his questions do not point to any prejudicial error.
DECISION
Because the evidence against German forms a complete chain establishing his guilt, and the evidence as a whole is inconsistent with any rational hypothesis except that of his guilt, we conclude that the evidence is sufficient to support German's conviction. We also conclude that the state did not commit misconduct in its rebuttal argument because the prosecutor presented an accurate recitation of Officer Lutz's testimony and permissible inferences to the jury. Finally, we conclude that German's pro se questions do not merit relief.
Affirmed.

Constructive possession is proved either (1) by showing that the item in question was found in a place under the defendant's exclusive control to which others typically do not have access, or (2) if the item is found in a place to which other people have access, by showing that there is a strong probability that the defendant was consciously or knowingly exercising control and dominion over the object. State v. Harris , 895 N.W.2d 592, 601 (Minn. 2017).

There was also some dispute between the parties about how long Officer Lutz left J.S. unattended in the truck. Officer Lutz testified that he left her in the truck for thirty seconds to one minute. German argues that the body-camera footage-which was used at a suppression hearing but was never entered into evidence at trial-shows that it was roughly two minutes. But German concedes that the two-minute time period cannot be used as a circumstance proved because there was no evidence of it at trial. We note that our ultimate decision in this case would not be different if the circumstance proved was that Officer Lutz left J.S. for two minutes instead of thirty seconds to one minute.

The state also asserts that Officer Lutz located "no glass pipes, cut straws, zip top baggies, butane lighters, or other paraphernalia." There is nothing about this in the record, accordingly we conclude that it cannot be a circumstance proved.

As we stated above, the outcome in this case would not change even if we could consider the fact that J.S. was actually left in the truck alone for approximately two minutes.